333 So.2d 639 (1976)
STATE of Louisiana
v.
Herbert "Nap" SENEGAL.
No. 57423.
Supreme Court of Louisiana.
June 4, 1976.
*640 G. Bradford Ware, Ware & Bertrand, Rayne, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Robert Thomas Cline, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
The defendant was convicted of manslaughter, La.R.S. 14:31, and sentenced to 13 years at hard labor. On appeal four assignments of error are urged.

ASSIGNMENT OF ERROR NO. 1
This assignment of error relates to a denial of a challenge for cause of a prospective juror. Essentially, the defendant argued that the prospective juror should have been excused because he had gone to school with the deceased and used to drink beer with him. Nevertheless, considering the entirety of the voir dire examination, we conclude that the trial court acted within its discretion in finding the relationship between the juror and the person injured by the offense was not such that it was reasonable to conclude that it would influence the juror in arriving at a verdict. Accordingly, a challenge for cause was not required, and this assignment is without merit. La.C.Cr.P. art. 797.

ASSIGNMENT OF ERROR NO. 2
This assignment relates to the overruling of defendant's objection to the introduction of X-rays on the ground that a proper foundation had not been laid. Although the doctor who produced the X-rays in court had not actually taken them, his testimony that they were X-rays taken of the deceased after the crime was supported by his physical examination of the deceased, the doctor's presence at the hospital while the X-rays were taken and developed, and the hospital's X-ray identification system. The trial judge properly decided that it was more probable than not that the X-rays were those of the deceased and consequently admissible as evidence in the case.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 3
Neither the minutes nor the transcript of the proceedings indicate whether the defendant was present at all stages of *641 the proceeding as required by La.C.Cr.P. art. 831. In his per curiam, the trial judge states that the defendant was present at all times during the trial. Under these circumstances, we conclude that a contradictory proceeding should be held in the trial court to determine if the defendant was in fact present at the times required by La.C.Cr.P. art. 831 or if any absence which may have occurred constituted a temporary voluntary absence as provided by La.C.Cr.P. art. 832.

ASSIGNMENT OF ERROR NO. 4
This assignment relates to the trial court's instruction to the jury that it could return either a verdict of guilty or not guilty. The instruction was correctly given as required by La.C.Cr.P. art. 814. However, after the jury retired, defense counsel stated:
"I have an objection to make to the charge to the jury that there were only two verdicts responsive to manslaughter. It is my contention that attempted manslaughter is also possible under Article 31, is also responsive, too, under certain conditions and under the conditions of this case, responsive to the charge of manslaughter."
In this Court, defense counsel now urges for the first time that La.C.Cr.P. art. 814 is unconstitutional setting forth reasons which were never made known to the trial judge.
Defendant's objection was actually a request for a special instruction to the jury not provided by law. Such charges may be submitted of right by the defendant before argument, but may be received by the court only in its discretion after argument has begun. Therefore, the defendant's request was clearly untimely and properly rejected by the trial court.
Even if viewed as an objection to the court's instruction, defense counsel's action was untimely and insufficient. La.C.Cr.P. art. 841 provides that an error cannot be availed of after verdict unless it was objected to at the time of occurrence and the grounds therefor made known to the court. State v. Marcell, 320 So.2d 195 (La.1975).
This assignment is without merit.
Since we find no trial error except for the deficienies in the trial court minutes noted in Assignment of Error No. 3, it is not necessary at this time to reverse the conviction and order a new trial, because the error might be eliminated upon a contradictory proceeding below. We reserve to the trial judge the power to grant a new trial should he determine that the defendant was not present at all stages of the proceeding as required by La.C.Cr.P. art. 831. If, on the other hand, the trial judge determines, after a contradictory hearing that the defendant was present as required by La.C.Cr.P. art. 831, or temporarily absent as provided by La.C.Cr.P. art. 832, the right to appeal from such ruling is reserved to the defendant. In the absence of such an appeal, the conviction and sentence will be affirmed.
The case is, therefore, remanded to the district court for further proceedings in accordance with this opinion.