DENNIS, Justice.
Defendant, Mark Tellifero, was arraigned on February 15,1974 for possession of marijuana, a violation of La. R.S. 40:966(C). He *1174 entered a “limited” plea under the provisions of La. R.S. 40:983 which allows a conditional discharge for a first offense of unlawful possession, and was placed on supervised probation for a period of two years.
On February 6,1976, defendant was tried and convicted of a second offense of possession of marijuana. Shortly thereafter, a probation revocation hearing was held, wherein the court determined that the second conviction had violated the conditions of defendant’s probation and sentenced him to serve six months in the parish jail. We granted writs to consider defendant’s allegations that improprieties in the proceedings below rendered the sentence void. We find sufficient merit in one of defendant’s contentions to require reversal, and pretermit discussion of the others.
Defendant complains that he did not receive or waive the assistance of counsel at his 1974 arraignment, and the record substantiates his complaint. Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530, 538 (1972), held that “ * * absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.” The Court indicated that the need for counsel is no less dire where an accused pleads guilty:
“Beyond the problem of trials and appeals is that of the guilty plea, a problem which looms large in misdemeanor as well as in felony cases. Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution.” 407 U.S. at 34, 92 S.Ct. at 2011.
This case clearly demonstrates why the right to counsel is fundamental to our system of justice. Defendant was seventeen years old at the time of his arraignment. His plea was entered under a special statute, La. R.S. 40:983, which might leave the most sophisticated layman uncertain as to the effect of a guilty plea:
“Whenever any person who has not previously been convicted of any offense under this part pleads guilty to or is convicted of having violated Sections 40:966C, 967C, 968C, 969C, 970C of this part, and when it appears that the best interests of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required.
“Upon the defendant’s violation of any of the terms or conditions of his probation, the court may enter an adjudication of guilt and impose sentence upon such person.
“Upon fulfillment of the terms and conditions of probation imposed in accordance with this section, the court shall discharge such person and dismiss the proceedings against him.
“Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under R.S. 40:982.
“Discharge and dismissal under this section may occur only once with respect to any person.”
The arraignment proceedings were not recorded, and consequently we are forced to rely upon the terse record provided by the court minutes for an account of what transpired:
“Charge: Possession of Marijuana. The defendant is called to the bar; is arraigned and enters a limited plea under the provisions of Louisiana Revised Statute 40:983 with the understanding that there will be no adjudication or inference of guilt on the part of the defendant. At the expiration of the probation period, the defendant’s attorney will file a motion to dismiss the charges and ask for leave of court in order that counsel for defendant might submit to the court a *1175 dismissal of the charges. The Court accepts this limited plea under the Louisiana Revised Statute 40:983 with no inference of guilt and place the defendant on supervised probation for a period of two years. After the defendant serves out the supervised probation honorably, the charges will be dismissed.”
If the minutes accurately reflect the ten- or, as well as the substance, of the arraignment proceedings, the effect of the proceedings was to minimize, rather than properly emphasize, the serious consequences which could result from a guilty plea. Defendant’s plea was euphemistically referred to as a “limited” plea, and there was no apparent mention of the prospect of imprisonment. Under these circumstances, even an innocent defendant might choose to plead guilty rather than undergo a trial because, without the advice of counsel, he could not fully appreciate the potential effect of his actions.
Pursuant to a defense motion, the court ordered the minutes clarified “ * * to reflect that . . . Mark Tellifero did not have an attorney in Court with him on February 15, 1974, the date of his arraignment.” There is no affirmative indication that he waived his right to counsel, nor can we presume waiver from the silent record. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).*
Under the clear mandate of Argersinger, supra, that no sentence may be imposed as the result of an uncounselled guilty plea, we must reverse the order of the trial court revoking defendant’s probation and ordering him to serve a term of six months in prison.
REVERSED.

 In fact, pursuant to our inquiry the minute clerk subsequently filed an affidavit deposing that “the defendant was not questioned as to whether he had counsel and he was not questioned as to whether he waived the right of counsel and no such waiver was made.”