369 So.2d 1292 (1979)
STATE of Louisiana
v.
Donna PARSLEY.
No. 62872.
Supreme Court of Louisiana.
April 9, 1979.
*1293 Lawrence O. Guillory, Graham N. Smith, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Bernard N. Marcantel, Dist. Atty., Charles R. Cassidy, Asst. Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Div., Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Donna Parsley was charged by bill of information on May 9, 1978, with possession with intent to distribute marijuana on March 3, 1978, in violation of La.R.S. 40:966 A(1). After trial by jury, she was found guilty as charged and sentenced to serve six years at hard labor. On appeal, defendant relies upon twenty-two assignments of error for reversal of her conviction and sentence. Finding merit in one of the assigned errors, we need not consider the others.
Defendant contends the trial judge erred in denying her motion for a continuance (Assignment of Error No. 8).
At the arraignment on May 9, 1978, defendant entered a plea of not guilty to the charge of possession with intent to distribute marijuana. Trial was set for June 12, 1978.
Prior to the start of trial on June 12, 1978, defendant informed the trial judge that she wished to withdraw her former plea of not guilty to the charge of possession with intent to distribute marijuana and to enter a plea of guilty to the lesser included offense of possession of marijuana. At this point, defendant was called to the stand. She testified that, at the time she was arrested with her boy friend in his automobile, she was not aware of the presence of marijuana in his vehicle and that she had not entered into any negotiations for the sale of the marijuana. The arresting officer then testified that defendant had, in fact, asked him if he wanted any marijuana to smoke and it was with her that he made arrangements where to meet for the transaction. Defendant's boy friend also testified. He stated that it was he who *1294 asked the arresting officer if he wanted any marijuana, made arrangements as to where to meet, and thereafter gave the officer the two bags of marijuana. He denied that defendant talked to the officer. After these witnesses testified, the trial judge declared that he would not accept defendant's plea of guilty to possession of marijuana and that she would have to stand trial for the offense charged in the indictment, viz., possession with intent to distribute marijuana.
After a brief recess, court was reconvened and the state called the instant case for trial. Defendant thereupon moved for a continuance grounded upon the trial judge's refusal to accept her plea of guilty to possession of marijuana made pursuant to a plea bargain with the state. In addition, defendant alleged that the state had made a pretrial agreement with defense counsel to call another case for trial (in which defense counsel was also enrolled) prior to the calling of the instant case for trial.[1] The trial judge denied defendant's motion for a continuance.
La.Code Crim.P. art. 712 provides that a timely filed motion for continuance "may be granted, in the discretion of the court, in any case if there is ground therefor." We have consistently held that the granting of a motion for continuance is a matter committed to the trial judge's discretion, and that a denial of the motion will not be reversed unless an abuse of discretion is demonstrated. State v. Benson, 368 So.2d 716 (La.1979); State v. Hammontree, 363 So.2d 1364 (La.1978); State v. Johnson, 343 So.2d 155 (La.1977). However, this court will not allow the denial of a motion for continuance to stand if it is clear that the trial court exercised that discretion unreasonably. State v. Benson, supra; State v. Winston, 327 So.2d 380 (La.1976). Whether a refusal to grant a continuance was justified depends primarily on the circumstances of a particular case. State v. Winston, supra.
At the outset, it should be noted that defendant was charged and arraigned on May 9, 1978, for an offense allegedly committed on March 3, 1978. Trial was set at arraignment for June 12, 1978. On the day of trial, defendant attempted to withdraw her former plea of not guilty and to enter a plea of guilty to a lesser included offense. She alleges that this was pursuant to a plea bargain with the state. In a memorandum in opposition to defendant's motion in arrest of judgment, the state expressly admitted its part in the alleged plea bargain. It is clear, therefore, that defense counsel's reliance upon this plea bargain was reasonable and that the trial judge's refusal to accept the guilty plea was an unexpected occurrence. Moreover, the state does not dispute defendant's allegation that it had entered into a pretrial agreement with defense counsel to the effect that it would call another case (in which defense counsel was also enrolled) for trial prior to the instant case. The state, however, in calling the instant case for trial apparently ignored this agreement.
Under the circumstances, we consider that defense counsel was genuinely surprised by these unexpected events and that his application for a continuance was not interposed merely for the purpose of delay. Rather, defense counsel's reliance on the plea bargain agreement and the prearranged order of trial with the state was reasonable. Accordingly, we consider that the trial judge's denial of defendant's motion for a continuance was arbitrary and an abuse of discretion, resulting in a miscarriage of justice and prejudice to the substantive rights of the accused. La.Code Crim.P. art. 921. Hence, we must reverse.

*1295 DECREE
For the reasons assigned, the conviction and sentence are reversed and the case is remanded to the district court for further proceedings.
SUMMERS, C. J., dissents.
NOTES
[1] We are aware that La.Code Crim.P. art. 707 provides that an application for a continuance shall be by written motion whereas, here, the motion was oral. However, due to the fact that the occurrences that allegedly made the continuance necessary arose unexpectedly, defense counsel had no opportunity to prepare a written motion. Moreover, the record reflects that the trial judge was fully aware of the grounds upon which defendant's motion was based and ruled thereon. Under the circumstances, we consider that the trial judge's denial of defendant's motion for a continuance is before us for review.