NORRIS, Judge.
Defendant, Doak Collinsworth, appeals a sentence of thirty five years at hard labor without benefit of parole, probation or suspension of sentence after a plea of guilty to the crime of armed robbery in violation of La.R.S. 14:64 assigning three errors:
1. Defendant was deprived of effective assistance of counsel at his sentencing;
2. Defendant was deprived of a sentencing hearing; [and]
3. The sentence was excessive and constitutes cruel and unusual punishment.
FACTS
Defendant was originally charged with armed robbery. Pursuant to a plea bargain, the defendant pled guilty as charged on February 11, 1980, with the understanding that the State would not file a multiple offender bill and would not prosecute him on an unrelated charge of auto theft. A presentence investigation was ordered and the defendant was remanded to the custody of the Sheriff pending sentencing. During the interim between the plea and sentencing, the defendant escaped and was later arrested in Georgia on unrelated charges. The defendant was returned to Bossier Parish for sentencing on August 17, 1983.
ASSIGNMENT OF ERROR NO. 1
Although the minute entry of August 17, 1983 indicates that defendant was present in open court represented by Ford Stinson, Jr. of the Indigent Defender Board, the sentencing judgment signed by the judge affirmatively states that the defendant was *287 represented by the Indigent Defender Board, and the state’s brief filed in connection with this appeal states that defendant was represented at the time of the sentencing. Stinson, as appellate counsel, argues that not only was he not present in court to represent this defendant at sentencing but also he was not even aware that his office represented this defendant until after the sentence was actually imposed when the prosecutor stated:
For the record, Mr. Stinson is here representing the public defender’s office, which was appointed to represent Mr. Collinsworth.
Article I, § 13 of the Louisiana Constitution of 1974 provides that a defendant has a right to assistance of counsel at every stage of the proceedings. The Sixth Amendment to the United States Constitution guarantees assistance of counsel at every critical stage of the proceedings, including sentencing. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968). Unless a defendant has made a knowing and intelligent waiver of his right to counsel, any sentence imposed in the absence of counsel is invalid and must be vacated. State v. Williams, 374 So.2d 1215 (La.1979); State v. White, 325 So.2d 584 (La.1976).
Because this record does not affirmatively show that defendant made a knowing and intelligent waiver of counsel at his sentencing [See State v. Tellifero, 337 So.2d 1173 (La.1976)], the relevant inquiry becomes whether defense counsel’s assertion that defendant was not represented by or had no assistance of counsel at his sentencing is supported by this record.
Our review of this record reveals that over three years had elapsed since the last contact of record by the indigent defender staff with this defendant. The record also indicates that Stinson’s first record contact with this defendant was at the end of the sentencing. On the other hand, the record does not indicate that the Indigent Defender Office ever withdrew of record from its representation of this defendant.
From the outset of the sentencing hearing, the trial judge addressed himself directly to the defendant. There is no affirmative indication that any attorney was present with defendant through the trial judge’s questioning of the defendant in connection with the facts on which he based his sentence and the actual imposition of the sentence. In fact, when, after imposition of sentence, the defendant asked if he could speak, the trial court told him he could not. To the point where the,defendant was instructed to leave with the Sheriff, the colloquy lends support to defendant’s assertion that he was unrepresented by or had no assistance of counsel.
Conversely, the record does not state affirmatively that defendant was unrepresented or unaccompanied by counsel, but rather for the record it was stated at the end of the sentencing proceeding by the district attorney that Stinson was present representing the Indigent Defender Board who represented the defendant. We find no statement from Stinson at that point either affirming or denying this assertion. The trial judge’s sentencing judgment is consistent with the minute entry which indicates that defendant was represented by counsel at sentencing.
Under these circumstances, we conclude that a contradictory hearing should be held in the trial court to determine if the defendant was in fact assisted or represented at his sentencing by counsel who was present in court with defendant for that purpose. Art. I, § 13, La.Const. (1974). See also La.C.Cr.P. Art. 3 and compare State v. Senegal, 333 So.2d 639 (La.1976).
ASSIGNMENT OF ERROR NO. 2
Defendant next argues that he was denied a sentencing hearing because of his deprivation of the assistance of counsel at his sentencing.
No full scale evidentiary hearing is required at sentencing in a non capital case. State v. Bosworth, 360 So.2d 173 (La.1978). However, a sentencing must be conducted in open court [La.C.Cr.P. Art. *288 871] and in compliance with La.C.Cr.P. Art. 894.1. Upon proper request and appropriate allegation in order to avoid an excessive sentence improperly resulting from materially false information, a defendant is entitled to an opportunity to deny or explain prejudicial or derogatory information made available to the sentencing judge. State v. Trahan, 367 So.2d 752 (La.1978). See also State v. Telsee, 388 So.2d 747 (La.1980).
There has been no allegation made here that there was materially false information which was withheld. In fact, the argument is that because counsel was unaware of the sentencing he had no opportunity to converse with the defendant or the trial judge regarding the contents of the presentence report. Consequently, there has been no request made to the sentencing judge for such information.
Accordingly, in the posture in which this assignment is presented, in actuality, there is nothing for us to review.[1]
ASSIGNMENT OF ERROR NO. 3
Defendant finally argues that the sentence imposed is excessive although he does not contend that La.C.Cr.P. Art. 894.1 was not complied with.
Article I, § 20 of the Louisiana Constitution of 1974 protects a defendant against the imposition of excessive punishment. A sentence constitutes excessive punishment if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). To prevent the possible imposition of excessive punishment and to guide the trial court in its sentencing tasks, the legislature enacted La.C.Cr.P. Art. 894.1 which sets forth factors which justify a sentence of imprisonment and other factors which tend to indicate suspension of sentence or probation as appropriate. State v. Smith, 430 So.2d 31 (La.1983).
Our review of this record reveals that the trial court meticulously complied with Article 894.1. When Article 894.1 has been complied with, a sentence will not be set aside as excessive in the absence of a clear abuse of the wide discretion accorded a trial judge in the imposition of sentence within statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983). No such abuse is present in this case.
First of all, armed robbery is considered to be an extraordinarily serious offense in the State of Louisiana. State v. Jones, 412 So.2d 1051 (La.1982). The penalties provided by law for armed robbery are severe and the actual sentence imposed here is within the lower range provided for by La.R.S. 14:64.[2] It is fully supported by the defendant’s propensity for criminal behavior as reflected by his behavior both before, during and after this offense.
Defendant was 23 years old at the time of sentencing. At the time of the instant offense, he was classified as a second felony offender. The factual circumstances surrounding this offense reveal that the defendant went to a used car lot and accompanied by a salesman took a vehicle for a test drive during which he ordered the salesman out of the vehicle at gunpoint and took the vehicle. The defendant was arrested the next day after a high speed chase during which it was necessary to shoot him in order to effect his capture. Five and one half months after this incarceration, the defendant escaped from authorities while he was being taken for medical treatment. After this escape, he *289 traveled to Georgia where he kidnapped and killed a victim taking his credit cards and automobile. Prior to the instant offense, the defendant acquired a juvenile record including shoplifting, simple theft and robbery. Although he was only nineteen years old at the time of the instant offense, he had adult convictions for illegal possession of alcoholic beverages, possession of marijuana, forgery and theft. He was on probation when the instant offense occurred.
As did the trial judge, we find no mitigating factors which would compel a lesser sentence. This extended imprisonment is not needless and purposeless but rather is imposed to negate defendant’s opportunity to commit crimes in the future. This sentence. is adequately particularized and is not excessive.
For the foregoing reasons, this case is remanded to the district court for an evi-dentiary hearing. Should the trial judge find that defendant was not assisted or represented by counsel at the time of the sentencing, he is ordered to vacate his original sentence and re-sentence him in light of the principles articulated in this opinion and in accordance with law. If the trial judge determines after contradictory hearing that the defendant was assisted or represented by counsel, the right to appeal from that ruling is reserved to the defendant. Absent such an appeal, the conviction and sentence will be affirmed.
CASE REMANDED WITH INSTRUCTIONS.

. However, we would note parenthetically that if, after remand, the trial judge determines that re-sentencing is required, upon proper request and allegation, the trial judge should afford defendant an opportunity to traverse or explain any allegedly false or invalid information of a substantial nature on which any future sentence is based. State v. Parish, 429 So.2d 442 (La.1983). See also State v. Telsee, supra.

. The penalty provision of this statute provides:
Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.