482 So.2d 840 (1986)
STATE of Louisiana, Appellee,
v.
Frederick O. BALL, Appellant.
No. 17311-KA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1986.
Stephens & Stephens by James M. Stephens, Winnsboro, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, William R. Coenen, Jr., Dist. Atty., *841 E. Rudolph McIntyre, Jr., Asst. Dist. Atty., Winnsboro, for appellee.
Before JASPER E. JONES, NORRIS and LINDSAY, JJ.
JASPER E. JONES, Judge.
Defendant, Frederick O. Ball, was indicted for attempted second degree murder in violation of LSA-R.S. 14:27 and 14:30.1. A jury found the defendant guilty as charged and he was sentenced to serve forty years at hard labor. Relying on five assignments of error, defendant appeals his sentence. Finding merit in assignments No. 1 and 2, we vacate defendant's sentence and remand for resentencing.

FACTS
The defendant had an argument with Kelvin Howard, the victim, about some beer while at a ball park in Winnsboro, Louisiana. The argument resulted in a fight following which the defendant left the scene stating, "wait till I come back." Defendant walked to his grandfather's house, obtained a pistol and returned to the ball park. Defendant then pulled the pistol and attempted to shoot the victim in the face, but the pistol misfired. Defendant then fired two shots, one hitting the victim in the right hip and another hitting the victim in the chest. The victim was able to grab defendant's hand and pistol as the defendant shouted "I'll kill him." Defendant was finally subdued by his grandparents who arrived immediately after the shooting.
The victim was rushed to the hospital where he received extensive treatment.

ASSIGNMENTS OF ERROR NO'S 1 & 2
The defendant contends the trial judge erred by failing to grant a continuance of the sentencing proceedings in order that his newly appointed attorney might familiarize himself with the case and represent defendant effectively. The defendant further contends he was denied access to the presentence investigation report. After trial, but before sentencing, defendant's trial counsel became an assistant district attorney. When defendant appeared in court for sentencing on February 13, 1985, Mr. Dennis G. Stewart was appointed to represent him. Mr. Stewart orally moved for a continuance alleging that he had no opportunity to review the pre-sentence report to determine its accuracy and he believed certain medical evidence existed which might bear upon the sentencing proceeding.
The state contends the trial judge did not err in refusing to grant a continuance because the motion for continuance was oral and LSA-C.Cr.P. art. 707 requires such a motion to be in writing. We are aware that LSA-C.Cr.P. art. 707 provides that an application for a continuance shall be by written motion, whereas, here, the motion was oral. However, due to the fact that the occurrences that allegedly made the continuance necessary arose unexpectedly, defense counsel had no opportunity to prepare a written motion. Moreover, the trial judge was fully aware of the grounds upon which the motion was based and ruled thereon. Under these circumstances, we consider that the trial judge's denial of defendant's motion for a continuance is properly before us for review. St. v. Parsley, 369 So.2d 1292 (La.1979); State v. Washington, 407 So.2d 1138 (La.1981).
The state further contends the defendant has failed to allege sufficient grounds for the granting of a continuance. Additionally, the state contends the defendant was given notice of and an opportunity to rebut the pre-sentence report at the sentencing hearing. We disagree.
LSA-C.Cr.P. art. 712 provides that a timely filed motion for continuance "may be granted, in the discretion of the court, in any case if there is ground therefore." The granting of a motion for continuance is a matter committed to the trial judge's discretion and a denial of the motion will not be reversed unless it amounts to an abuse of that discretion. St. v. Parsley, supra; St. v. Washington, supra. Whether the refusal to grant a continuance *842 was justified depends primarily on the circumstances of a particular case. St. v. Winston, 327 So.2d 380 (La.1976), appeal after remand, 343 So.2d 171 (La.1977).
In the instant case, we find the trial judge abused his discretion in denying defendant's motion for continuance.
The court's duty to provide counsel for those accused who are financially unable to retain an attorney "is not discharged by an assignment at such time and under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case." Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); St. v. Winston, supra. While no minimum period between the appointment of counsel and trial has ever been specified by the court as adequate time to prepare for trial, it has been noted that "the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel." Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); St. v. Winston, supra.
Although the facts of the cited cases relate to appointed trial counsel, the rules enunciated in those decisions apply to counsel appointed to represent a defendant at a sentencing hearing which is a critical stage in the proceedings at which the defendant is entitled to the assistance of counsel. St. v. Williams, 374 So.2d 1215 (La.1979); St. v. Collinsworth, 452 So.2d 285 (La.App.2d Cir.1984).
Here the defendant asserts that because his counsel was appointed on the day of the sentencing hearing, he was denied the opportunity to rebut false information contained in the pre-sentence report.
The state contends the trial judge gave defendant an opportunity to rebut the pre-sentence report at the sentencing hearing.
A defendant, upon request, has the right to access to the presentence investigation to secure the opportunity to rebut substantially significant false information in the pre-sentence report which is relied on by the trial court in imposing a heavy sentence. St. v. Trahan, 367 So.2d 752 (La.1978); St. v. Underwood, 353 So.2d 1013 (La.1977); app. after remand, 365 So.2d 1339 (1978); St. v. Roberts, 427 So.2d 1300 (La.App.2d Cir.1983), writ denied, 435 So.2d 440 (1983). This right is given effect by allowing defense counsel to examine the report prior to sentencing so that any false unfavorable information may be rebutted at the sentencing hearing. St. v. Underwood, supra; State v. Lahrmann, 475 So.2d 116 (La.App.2d Cir.1985).
A review of the record reveals that the trial judge relied on the information contained in the pre-sentence report in sentencing defendant to serve 40 years at hard labor. The record further reveals that defendant specifically denied some of the offenses contained in the pre-sentence report when the trial judge related them to the defendant at the sentencing hearing. We conclude the trial judge abused his discretion in denying the continuance and thereby depriving defendant of the opportunity to examine the pre-sentence report prior to sentencing so that any false unfavorable information contained in it could have been rebutted at the sentencing hearing. The denial of the continuance deprived defendant's newly appointed counsel an opportunity to prepare for the sentencing hearing. This resulted in depriving the defendant of his constitutional right of effective assistance of counsel.
Because we have found the defendant's assignments of error # 1 and # 2 require the reversal of his sentence, we find it unnecessary to consider his other three assignments, all of which are related to the validity of his sentence.
The defendant's sentence is vacated and the case is remanded for resentencing in accordance with law.