485 So.2d 981 (1986)
STATE of Louisiana
v.
Delores DAVIS.
Nos. KA-1069, KA-4515.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1986.
Writ Denied May 30, 1986.
*982 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Joanne C. Marier, Timothy M. Warner, Asst. Dist. Attys., New Orleans, for plaintiff.
Clarence P. Guillory, Kenneth J. Beck, Student Practitioners, Loyola Law School Clinic, Calvin Johnson, Michael S. Gallagher, Supervising Attys., New Orleans, for defendant Delores Davis.
Before BARRY, WARD and ARMSTRONG, JJ.
BARRY, Judge.
Delores Davis was convicted of cruelty to a juvenile, La.R.S. 14:93, and sentenced to ten years at hard labor.
On September 15, 1982 the Department of Health and Human Resources received a complaint regarding a child left home alone. A human services worker, accompanied by Detective Cindy Burkhoudt of the Child Abuse Unit, went to the home about 6:00 p.m. The door was answered by eight year old Ernest Davis who stated that he had taken a nap and when he awakened no one was home. Ernest only had on shorts and a sheet was wrapped around his feet. Detective Burkhoudt noticed the child had difficulty walking and attempted to remove the sheet, but burned skin peeled off. Ernest was carried to the police car and rushed to Charity Hospital where he remained for nearly a month due to second degree burns on both feet, his buttocks and left upper arm.
Ms. Davis arrived at the hospital around 8:30 p.m. and was told that she was under investigation for cruelty to a juvenile and advised of her rights. She stated that on the previous evening she heard Ernest screaming in the bathroom and found him standing naked outside of the tub. She assumed that the bath water was too hot because he was crying that his feet were burned. She said Ernest asked her to take him to the hospital that evening, but she didn't have a babysitter for her three younger children. Ernest pleaded with her again the following day, but she felt there would be too many questions. Ms. Davis was placed under arrest.
Ernest originally told the investigators that he burned his feet while bathing. However, several days later and at trial he testified that his mother found him playing with matches so she filled the tub with hot water, pushed him into it, and held him in a seated position for a few seconds.
Ms. Davis testified that she applied burn ointment and gauze pads to Ernest's blisters, but didn't think the burns required a hospital visit.
By her first assignment Ms. Davis alleges it was error for the trial judge to refuse to recuse herself and that she did not receive a fair and impartial trial due to the judge's substantial prejudicial attitude towards child abuse cases. La.C.Cr.P. Art. *983 671.[1] She maintains prejudice was shown because the trial judge stated she would impose the maximum ten year sentence if the defendant pled guilty, and the judge cried in court during sentencing.
C.Cr.P. Art. 674 provides in part:
A party desiring to recuse a trial judge shall file a written motion therefor assigning the ground for recusation. The motion shall be filed prior to commencement of the trial unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after the facts are discovered, but prior to verdict or judgment.
Prior to trial defense counsel made an oral motion to recuse. We find no indication in the record that a written motion as required by C.Cr.P. Art. 674 was ever filed. The denial of an oral motion for recusal presents nothing for us to review. State v. Crothers, 278 So.2d 12 (La.1973), cert. denied 414 U.S. 1096, 94 S.Ct. 731, 38 L.Ed.2d 555 (1973). The trial court properly denied the oral motion for recusal.
Ms. Davis alleges the trial court erred in refusing to allow her to waive a jury trial. She argues a defendant has a constitutional right to waive trial by jury, except in capital cases. La. Const. of 1974, Art. I § 17; C.Cr.P. Arts. 780, 782. Defense counsel maintains it is difficult for a jury to look at a child abuse case in a detached, neutral and objective manner. He argues a trial judge is better able to view the facts objectively since courts hear hundreds of emotionally charged cases. He asserts he made a knowing and intelligent waiver as required by La. Const. of 1974, Art. § 17; C.Cr.P. Arts. 780, 782.
Immediately prior to voir dire defense counsel orally moved to waive the jury:
We have nothing to offer to a jury. We are going to waste their time and ours.
The judge denied the waiver stating:
I have just been told by her attorney that she is waiving the jury albeit at this very last minute, and I am going to deny that motion ... She has a constitutional right to trial by jury but not by judge. Once she has selected, that's that. The jury is sitting there.
There is clearly no constitutional right not to be tried by a jury, except in a very unusual case where a fair jury trial is impossible or unlikely. Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965); State v. Jackson, 450 So.2d 621 (La.1984). No showing was made that a fair jury trial was impossible or unlikely. The fact Davis requested recusal because of prejudice only supports a jury trial.
Although the right to a jury trial may be waived in a non-capital case, Art. I. § 17 requires that the waiver be "knowingly and intelligently" made. Therefore, we must indulge every reasonable presumption against waiver of this fundamental right. State v. McCarroll, 337 So.2d 475 (La.1976).
Nothing in the record shows that Davis knowingly and intelligently waived her right to trial by jury. The presumption against waiver has not been rebutted.
C.Cr.P. Art. 780(B) provides:
The defendant shall exercise his right to waive trial by jury in accordance with the time limits set forth in Article 521. However, with permission of the court, he may exercise his right to waive trial by jury at any time prior to the commencement of trial.
Pretrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided upon a showing of good cause. C.Cr.P. 521. Ms. Davis was arraigned October 26, 1982. Her counsel moved for the waiver of the *984 jury immediately prior to trial on February 3, 1983. No extension of time to file pretrial motions was granted, thus defense counsel's request was untimely. The court properly denied a waiver of trial by jury.
Ms. Davis asserts the trial court erred when it denied an oral motion for continuance made on the day of trial. She contends the lunacy commission which found her competent to stand trial did not determine whether she had the capacity to commit the offense.
C.Cr.P. Art. 707 provides:
A motion for a continuance shall be in writing and shall allege specifically the grounds upon which it is based and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial.
Upon written motion at any time and after contradictory hearing, the court may grant a continuance, but only upon a showing that such motion is in the interest of justice.
The motion for a continuance was neither written nor timely; however, where occurrences that allegedly make the continuance necessary arise unexpectedly and the defendant has no opportunity to prepare a written motion, an oral motion may be sufficient. State v. Washington, 407 So.2d 1138 (La.1981); State v. Parsley, 369 So.2d 1292 (La.1979).
Ms. Davis argues that such a situation existed since her counsel discovered on the day of trial that she had not been evaluated as he requested. The grounds for the motion were for more time to develop a defense and to have Ms. Davis examined by another physician to determine whether she was competent at the time the crime was committed.
The decision to grant a continuance is placed in the discretion of the trial court and will not be disturbed absent an abuse of discretion. State v. Washington, supra. We find no such abuse. Two psychiatrists had completed evaluations of Ms. Davis and testified as to her competency, thus the trial court's decision to deny a continuance was justified.
Ms. Davis maintains the court erred in refusing to allow her to change her plea from not guilty to not guilty by reason of insanity. On January 31, 1983 the trial judge signed an order allowing the defendant to change her plea as requested. On September 14, 1984 the judge granted a motion to supplement the record noting that Ms. Davis' request to change her plea was denied. Ms. Davis alleges that an oral motion to change the plea was denied prior to trial. There is no evidence of such a motion and Ms. Davis did not put forth an insanity defense. This assignment is without merit.
Ms. Davis contends the trial court erred in failing to suppress the confession held in limine. She argues that the statement she made in the hospital was an involuntary confession which should not have been admitted. R.S. 15:451.[2]
During trial the human services investigator began to testify as to what Ms. Davis said when she arrived at the hospital. The trial judge dismissed the jury temporarily to decide whether the statement was admissible. Detective Burkhoudt testified that she advised Ms. Davis of her rights which she appeared to fully understand, and asked if she wanted to tell what happened to Ernest. Ms. Burkhoudt stated no coercion or threats took place, so the trial court ruled that the statement was voluntary. After the jury returned Detective Burkhoudt recounted Ms. Davis' explanation of Ernest's burns.
Ms. Davis' statement is exculpatory and does not purport to be a confession under R.S. 15:451. If the admission does not involve criminal intent the "free *985 and voluntary" rule does not apply. R.S. 15:454. The trial court's determination that a defendant's statement was free and voluntary is entitled to considerable deference and will not be disturbed unless unsupported by the evidence. State v. Harper, 430 So.2d 627 (La.1983). The statement was properly admitted.
Ms. Davis asserts the court imposed an excessive sentence and failed to follow the sentencing guidelines of C.Cr.P. Art. 894.1.
At the sentencing hearing two social workers testified that incarceration without treatment would worsen Ms. Davis' paranoid schizophrenic condition and that after incarceration she would probably continue to abuse her children. She received the maximum ten years at hard labor which she contends is strictly punishment and is inconsistent with the theory of rehabilitation.
In sentencing Ms. Davis the trial court stated:
There is no institution in this state, I would say, I could put you where you would get the kind of treatment so you would also look upon your children as gifts instead of liabilities and punching bags. During the trial, your son, Ernest, was right close to me and it was very clear to me that he loved you. It is also clear to me that it was the most difficult thing in his life to do, to testify against you, but he told the truth and the truth was, by your acts, he was burned severely on his buttocks and on his feet and that is not all that he sustained in that incident. He sustained aexcuse mea wound on his soul that he will never forget and it will stay with him for the rest of his life ... I have given you the benefit of every institutional examination that I can think of. I have given your attorneys the opportunity to present to me every mitigating circumstance that they can find. I have delayed this matter; I have looked at your letters; I have done everything that I can possibly do in order to find something that would mitigate this horrible act. You have three other children. They also bear, by the reports that I have, signs of child abuse... It is the court's opinion that the children are in a dangerous environment and that I have no other alternative but to take you away from them and to make sure that you can't get close to them. They may visit you, ...
The judge concluded: "Anything less would deprecate the seriousness of the crime."
The judge articulated aggravating and mitigating factors, and thus clearly complied with the guidelines of C.Cr.P. Art. 894.1. While we are well aware that maximum sentences are to be reserved for the most egregious violations of the offense charged, State v. Lathers, 444 So.2d 96 (La.1983), inflicting grievous injury to a young, defenseless child mandates severe punishment. Ms. Davis' sentence is clearly not excessive.
The record shows that Ms. Davis was sentenced twice to ten years at hard labor. The second sentence was imposed after a hearing on the findings of a psychologist, but the initial sentence was not vacated.
Ms. Davis' original sentence is vacated. The conviction and ten year sentence are affirmed.
AFFIRMED.
NOTES
[1] La.C.Cr.P. Art. 671 in part provides:

In a criminal case a judge of any court, trial or appellate, shall be recused when he:
(1) Is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial;
(6) Would be unable, for any other reason, to conduct a fair and impartial trial.
[2] R.S. 15:451 provides:

Before what purports to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.