|, MURRAY, Judge.
On August 28, 1997, Trenadad East, was convicted of second degree murder of Latisha Brown [1]. His motion for new trial was denied and he was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence on September 19, 1997. Mr. East appeals that conviction, alleging that the trial court erred in denying his motion to continue the trial. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY:
Mr. East and another man, Larry Jones, were driving around uptown New Orleans with the victim, Latisha Brown, in a car owned by Mr. Jones’s girlfriend. Mr. East admitted that Mr. Jones was driving, that Ms. Brown was in the front passenger seat, and that he was seated behind the driver. At some point in time, Ms. Brown was shot in the head, Mr. Jones and Mr. East fought over the gun, and | ¡>each man ran from the scene in a different direction. Each man accused the other of shooting Ms. Brown. After an investigation, Mr. East was arrested and charged with the murder.
The day before trial was scheduled to begin, Mr. East’s attorney orally moved to continue the trial. The motion was based upon the fact that the defense had been presented three days befoie trial with a report of blood spatter evidence that the State intended to use. The trial court denied the motion, and the case was tried as scheduled. Mr. East appeals claiming that the trial court erred in not granting the continuance because he had insufficient time to retain an expert to rebut the State’s blood spatter evidence.
DISCUSSION:
Initially, it should be noted that art. 707 of the Code of Criminal Procedure provides that motions for continuance shall *814 be in writing, allege specifically the grounds upon which based, and, when made by the defendant, be verified by affidavit. Mr. East’s motion to continue was made orally on the day prior to trial, and he did not file a written motion before trial commenced. The Louisiana Supreme Court has recognized that an exception to the requirement that motions to continue be in writing exists where the circumstances that allegedly made the continuance necessary arose unexpectedly so that defense counsel did not have an opportunity to prepare a written motion. State v. Parsley, 369 So.2d 1292, 1294, fn. 1 (La. 1979). The circumstances herein were such that defense counsel should have been able to prepare a written motion for continuance as counsel received the report of the State’s expert that allegedly necessitated the continuance three days before trial. We do not find that the facts of this case warrant the extension of the Parsley exception. However, out of an abundance of caution, we will address the 13issue.
To grant or refuse to grant a motion for continuance rests within the sound discretion of the trial court. State v. Martin, 93-0285 (La.10/17/94), 645 So.2d 190. A ruling will not be disturbed on appeal absent a clear showing of abuse of discretion, and a showing of specific prejudice caused by that denial. State v. Benoit, 440 So.2d 129 (La.1983). When a motion to continue is based upon a claim of inadequate time to prepare a defense, the specific prejudice requirement has been disregarded only when the time has been “so minimal as to call into question the basic fairness of the proceeding.” State v. Jones, 395 So.2d 751 (La.1981). The reasonableness of discretion issue turns upon the circumstances of the particular case. State v. Simpson, 403 So.2d 1214 (La. 1981).
The importance of the “circumstances of the particular case” is demonstrated in State v. Benson, 368 So.2d 716 (La.1979). In that case, the Supreme Court reversed an armed robbery conviction partially because of a refusal to grant a continuance. Defense counsel learned through discovery on Wednesday, May 31, that the robber had handed the bank teller a handwritten note during the robbery. On Friday, June 2, defense counsel filed a motion to continue to allow time to obtain a handwriting expert. On Monday, June 5, .the trial court denied the continuance and immediately proceeded to trial. In reversing the conviction, the Supreme Court decided that the denial of the continuance was an abuse of discretion because of the short time counsel had to prepare to counter the State’s handwriting expert. The Court specifically noted that the case had progressed from arraignment to trial in less than two months, and that defense counsel became aware of the note only after he was granted the right to inspect after a hearing on a motion for oyer the Wednesday before trial.
| ¿Similarly, counsel here argued that a continuance was necessary because he had received the State’s report of blood spatter analysis only three days before trial, and had not had time to have an expert review the report. Counsel noted that he had not been appointed to the case for very long, that three private attorneys had handled the case before O.I.D.P. was appointed, and that another O.I.D.P. attorney had handled the case for a time. The court inquired as to the steps counsel had taken during the past two days to have the report reviewed by an expert. Counsel was unable to specify any steps that had been taken to engage an expert, and stated only that O.I.D.P. had “attempted to contact several people.” The court noted that even though counsel may not have had the case for a long time, O.I.D.P. had been appointed to the case over six months earlier, and counsel should have been aware there was blood spatter evidence. The court again inquired as to what steps counsel had taken to contact an expert; counsel advised he had been in trial all that day. When the court asked if anyone in O.I.D.P. had been trying to contact an expert, coun *815 sel responded that his office was not responsible for that task. At that point, after again noting the age of the case, the . court denied the motion to continue.
Our review of the record indicates that defense counsel should have been aware of the existence of the blood spatters, and the possibility of the State engaging an expert for trial. In July 1996 the State moved to have evidence released from the property room to N.O.P.D. for testing purposes. Regardless of when the report was eventually given to defense counsel, a review of the record by counsel would have revealed that the State was having physical evidence examined and tested. The record also indicates that defense counsel filed a witness list on August 22, in which he listed Sherry Guiterrez, the State’s blood spatter expert, as a | ¡¡defense witness.[2] In addition, defense counsel’s testimony at the hearing on the motion to continue the trial did not establish that he had taken any specific steps to get an expert in the two days since he had obtained the blood spatter report.
Mr. East argues on appeal that the motion should have been granted because the blood spatter evidence was really the only credible evidence to show he was the person who shot the victim. We disagree. The jury heard from a number of witnesses, including the defendant and his accuser. It apparently found the testimony of Larry Jones to be more credible, based on all the evidence, than that of Mr. East. Although the testimony of the blood spatter expert corroborated Mr. Jones’ version of what happened in the car when Ms. Brown was shot, it was not the only evidence that supported that version. Mr. East has failed to demonstrate a specific prejudice caused by the denial of the motion to continue.
Mr. East’s attorney should have been aware that blood spatter would be an issue at trial, yet did nothing to have that evidence evaluated. Once he was provided with the report of Lt. Guiterrez he could not say, what, if any, specific steps had been taken to have the report reviewed and evaluated by a defense expert. Based on these circumstances, we cannot say that the trial court abused its discretion in denying the oral motion to continue.

Errors Patent

A review of the record for errors patent reveals that the trial court denied the motion for new trial on the same date that it imposed sentence on Mr. East. There is no indication in the minute entry that the motion was denied or even filed, but |fithe motion is contained in the record and was dated and denied on that date. In addition, the transcript of sentencing indicates the court denied the motion prior to sentencing. However, the transcript does not reflect that the appellant waived his right to a twenty-four hour delay prior to sentencing as provided in La.Code Crim. Proc. art. 873. In State v. Collins, 584 So.2d 356 (La.App. 4 Cir.1991), this Court held that the failure to observe the delay would be deemed harmless error where the defendant did not challenge his sentence on appeal. Therefore, in the present case where no error is raised as to Mr. East’s sentence, the failure of the trial court to observe the delay period should be considered harmless error.[3]
For the foregoing reasons, Trenadad East’s conviction and sentence are affirmed.
AFFIRMED.

. The appellant was also charged in the same indictment with the attempted second degree murder of Merlin Kent. This charge was severed, and the State ultimately nolle prosequied. the charge.

. The record does not contain a State witness list. It would appear, however, that defense counsel merely copied the State’s list. Ms. Guiterrez’s address is listed as Laplace, Louisiana, a fact that should have prompted defense counsel to inquire as to the identity of this witness.

. Collins distinguished State v. Augustine, 555 So.2d 1331 (La. 1990), where the Court held that the failure to waive the twenty-four hour delay could not be considered to be harmless if the defendant challenges his sentence on appeal.