L CALOGERO, Chief Justice,
dissents from the action of the court denying the stay and denying the writ, and assigns reasons.
The district court’s denial of defendant’s request for trial by judge was based on defendant’s failure to make her waiver of her right to a jury within fifteen days of her arraignment as required by La. C. Cr. P. arts. 521 and 780. However, Article 780(B) clearly gives the district court the discretion to permit the defendant to waive trial by jury so long as the request is made prior to commencement of trial. In my view, the district court abused its discretion in denying the defendant’s motion in this case.
First, the district court’s reliance on State v. Davis, 485 So.2d 981 (La.App. 4 Cir.1986), writ denied, 488 So.2d 1019 (La.1986), which stated that there is “clearly no constitutional right not to be tried by a jury, except in a very unusual case where a fair jury trial is impossible or unlikely,” was misplaced in this matter, because Article 780 gives the district court the discretion to permit the defendant to waive her right to a jury trial any time prior to the commencement of trial. In the present case, the defendant made her request for a trial by the court before the jury venire was even presented, and, unlike in Davis, the defendant herself elected a trial by the court on the record. Furthermore, there was no opposition from the District Attorney to the defendant’s request for a trial by the court; indeed, the District Attorney objected to pthe district court’s denial of the defendant’s request. Additionally, it is the District Attorney that seeks this writ application and is essentially joining the defendant in making her request for a trial by the court. Accordingly, I perceive no reasonable basis for the district court to have denied the defendant’s request to waive her right to a trial by jury.