Judgment rendered January 27, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,805-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

QUINCY LEE                                  Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 117,553

Honorable Michael Nerren, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Douglas Lee Harville

J. SCHUYLER MARVIN                    Counsel for Appellee
District Attorney

JOHN M. LAWRENCE
Assistant District Attorney

* * * * *

Before MOORE, PITMAN, and GARRETT, JJ.

**MOORE, C. J.**

The defendant was convicted of simple burglary of an inhabited dwelling on January 14, 2004. He was subsequently adjudicated a third felony offender and sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The conviction and sentence were affirmed by this court at *State v. Lee*, 39,969 (La. App. 2 Cir. 8/17/05), 909 So. 2d 672, *writ denied*, 06-0247 (La. 9/1/06), 936 So. 2d 195.

On April 18, 2019, Lee filed a *pro se* "motion to correct illegal sentence" under La. C. Cr. P. art. 881.5 and the amendments to La. R.S. 15:529.1 and La. R.S. 15:308.[1] The matter was set for hearing on August 27, 2019. Counsel was neither appointed to represent Lee nor present at the hearing. The trial court granted the motion, vacated the previous life sentence, and without any presentence investigation report ("PSI"), imposed the maximum sentence of 24 years.

Lee now appeals the sentence as excessive. Because he was not represented by counsel at resentencing, we vacate the sentence and remand for appointment of counsel prior to resentencing.

## FACTS

At the hearing on Lee's motion, the judge questioned who represented the defendant. The indigent defenders present in the courtroom told the court that they had not been appointed. Lee told the court he prepared the motion himself without help from anyone.

---

[1] *See State ex rel. Esteen v. State*, 2016-0949 (La. 1/30/18) (La. R.S. 15:308 mandates retroactive application of more lenient penalties to offenders already sentenced; relief may be sought through motion to correct illegal sentence.)

The court found that Lee was entitled to relief under the "Criminal Reform Package," and it agreed with Lee's computation that the new applicable sentencing range was between 6 and 24 years. The judge said it was difficult for him to sentence Lee without the benefit of a PSI, and acknowledged that he did not know anything about him. However, the judge said he was conservative in the relief he grants. He said,

> [A]ll I can do in your case is sentence you to what the – the range is. So instead of life in prison, uh, I resentence you to twenty-four years. I don't have anything to do other than that. I don't know anything about you. And I would assume that if what – whatever the original Judge reviewed as far as the appropriate sentence that led to a multi-bill and life in prison would support the max under this schedule. My hands are kind of tied if you understand what I am saying.

Lee noted that the prior habitual offender sentence of life imprisonment was a mandatory sentence. Under the new provisions, the court has discretion to impose a sentence within the sentencing range. The court responded that the new sentence was within the guidelines that Lee presented to him.

## DISCUSSION

The Sixth Amendment to the U.S. Constitution provides that "[i]n all criminal prosecutions, the accused shall ... have the Assistance of Counsel for his defense." Similarly, La. Const. art. I, § 13, states that "[a]t each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment." *See McConnell v. Rhay*, 393 U.S. 2, 89 S. Ct. 32, 21 L. Ed. 2d 2 (1968). Pursuant to the Sixth Amendment, a defendant has a right to counsel at every critical stage of criminal proceedings, including a resentencing hearing. *State v. Kelly*, 51,246 (La. App. 2 Cir. 4/5/17), 217 So. 3d 576, 585, *writ denied*, 17-0755 (La. 5/18/18),

2

242 So. 3d 573; *State v. Joseph*, 14-1188 (La. App. 3 Cir. 5/6/15), 164 So. 3d 389, 391; *State v. Price*, 06-440 (La. App. 5 Cir. 1/16/07), 951 So. 2d 1152, 1153-54; *State v. Lefeure*, 01-1003 (La. App. 5 Cir. 1/15/02), 807 So. 2d 922, 923-924; *State v. Kirsch*, 01-1017 (La. App. 5 Cir. 3/26/02), 815 So. 2d 215, 217.

Unless a defendant has made a knowing and intelligent waiver of his right to counsel, any sentence imposed in the absence of counsel is invalid and must be vacated. *State v. Kelly, supra; State v. Collinsworth*, 452 So. 2d 285 (La. App. 2 Cir. 1984) (citing *State v. Williams*, 374 So. 2d 1215 (La. 1979), and *State v. White*, 325 So. 2d 584 (La. 1976)); *cf. State v. Bryant*, 53,078 (La. App. 2 Cir. 11/20/19), 285 So. 3d 513 (appointment of counsel was not warranted at a resentencing hearing where resentencing was merely a ministerial and nondiscretionary correction of parole eligibility in defendant's favor.).

In this case, neither the court nor the assistant district attorney recognized that the right to counsel applies at resentencing. The assistant district attorney even appeared to be unaware of the holding in *Esteen, supra* at n. 1. Although the motion was filed as a *pro se* motion, the court never established, nor does the record show, that Lee knowingly and intelligently waived his right to counsel. Even if the court believed Lee waived his right to counsel, it never gave Lee, who had family members present in the courtroom, any meaningful opportunity to address the court. Instead, it clearly decided in advance that the maximum sentence was required.

We therefore conclude that Lee's resentencing from a mandatory life sentence down to a discretionary sentence with a range of 6 to 24 years mandated legal representation for the defendant to protect his interests. *See*

3

*State v. Kelly, supra,* and *State v. Collinsworth, supra.*

For this reason, we vacate the sentence imposed and remand the case to the district court for appointment of counsel and a new resentencing hearing.  We pretermit any discussion of the validity of the sentence imposed or other errors patent.

**SENTENCE VACATED; REMANDED.**