374 So.2d 1215 (1979)
STATE of Louisiana
v.
Ronald WILLIAMS.
No. 64017.
Supreme Court of Louisiana.
September 4, 1979.
James M. Buck, Kramer & Laird, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., R. Greg Fowler, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Ronald Williams was charged with possession of marijuana with intent to distribute, a violation of R.S. 40:966. On August 25, 1978, after a jury trial, he was found guilty as charged. A hearing to impose sentence was held on November 9, 1978 at which time defendant requested that his court-appointed attorney be relieved and that he be allowed to retain his own. On November 17, 1978 defendant appeared in court without an attorney and was sentenced to ten years at hard labor. On this appeal defendant relies on five assignments of error[1] for reversal of his conviction and sentence. Three of the assignments are *1216 clearly without reversible merit; only assignments four and six present close issues and will be discussed at length in this opinion.
Testimony at trial established the following facts: Early on the morning of June 13, 1978, Audie Authur, Jr., a friend of defendant, attempted to break into defendant's automobile. While doing so he cut himself badly and began to bleed profusely. In an attempt to get medical aid Authur proceeded to 114 Logan Drive nearby in Pineville, Louisiana and attempted to wake a friend. While doing so, Authur broke the glass in one of the windows of the residence. He then returned to his home and in the morning went to the hospital for treatment of the cut arm.
Responding to a report of a possible burglary at 114 Logan Drive, the Pineville city police discovered the broken window at that address and a trail of blood which appeared to lead from the residence. Assuming that a would-be burglar cut himself on the broken glass, the police followed the blood trail to defendant's car which was parked in front of his house. The door of the car was open and there was blood inside and outside of the car. Officers also noticed a hole torn out of the back seat creating a small opening into the trunk. After tracing the car to defendant, the officers knocked on his door and requested permission to search the vehicle. Defendant gave permission for the search but stated that he did not have the keys to the trunk. Officers then entered the automobile and looked through the hole in the back seat into the trunk where they observed a quantity of material they believed to be marijuana. Officers then seized the material and arrested defendant on the instant charge.

ASSIGNMENT OF ERROR NO. 4
This argument arose when a state witness, Audie Authur, testified concerning the events which led him to attempt to break into the defendant's automobile. Authur testified that while at a party at which the defendant was also present, an unidentified man told him that defendant had "dope" in his car, and because defendant Williams owed him money, he broke into the car to get some of the drugs to hold as security for the debt. Defense counsel objected to that part of the testimony relating that the unidentified man said defendant had "dope" in his car on the grounds that it was inadmissible hearsay. The state argued that Authur's testimony was not offered for the truth of the statement made by the unidentified third person but only to show Authur's motive for breaking into defendant's vehicle.
The trial judge in overruling the objection told the jury the hearsay evidence in this instance was admissible, not to prove the truth of the matter related to the witness but to establish the fact that it was said to the witness. That ruling would be correct if the mere fact that the statement was made were a relevant and important fact. State v. Launey, 335 So.2d 435 (La. 1976); State v. Green, 282 So.2d 461 (La. 1973). While close, the ruling was probably incorrect. The witness' motivation in breaking into the car could have been established by his relating something short of what was fully stated to him, i. e., that defendant had told the informing person that defendant had dope in his car.
Nonetheless, we do not find reversible error here. Counsel for defendant risked what occurred when he allowed the witness to ramble, or testify in narrative form, rather than answer responsively to successive questions, and objected only after the testimony was given in the presence of the jury. Additionally, the trial judge admonished the jury that the testimony could not be used to prove the truth of the third person's statements and limited the use of the evidence to "establishing the fact that those words were said to [the witness]." Advising the jury not to consider the out-of-court statement as evidence of the facts related therein is not significantly different from telling the jury to disregard the testimony. Therefore the court's error, if any, did not substantially prejudice defendant. La.Code Crim.Pro. art. 921. This assignment lacks merit.

*1217 ASSIGNMENT OF ERROR NO. 6
By this assignment of error defendant contends that the sentence imposed by the trial court was excessive. At the hearing to impose sentence held November 17, 1978, at which the defendant was not represented by counsel, the trial court sentenced defendant to ten years at hard labor, the maximum under the law.
In accordance with La.Code Crim.Pro. art. 894.1, the trial judge stated his reasons for imposing the maximum sentence. In particular he related what he considered to be certain aggravating factors. The court's stated reasons do not reflect that it considered any mitigating factors or the absence of them in imposing the instant sentence.
Because defendant was not represented by counsel at the sentencing hearing, no mitigating factors were argued. When the trial judge asked defendant if he had anything to say in his behalf, defendant answered that he did not. As a consequence, the record on appeal contains no evidence of possible mitigating factors which, if argued, might have led the trial court to impose a lesser sentence.
Pretermitting the question of whether a defendant's sentence is excessive, we vacate the sentence and remand to the district court for resentencing with counsel. Because a sentencing hearing is generally considered a "critical stage" in a proceeding, a defendant is entitled to the assistance of counsel at such a hearing unless he makes a knowing and intelligent waiver of his right to counsel or makes an implied waiver through his failure to employ counsel even though he had a reasonable opportunity to do so. See State v. McGowan, 359 So.2d 972 (La.1978); City of Baton Rouge v. Dees, 363 So.2d 530 (La.1978).
Just one week before sentencing, the court had allowed defendant to dismiss his court-appointed attorney and had given him one week to hire a lawyer. At the sentencing hearing defendant stated that he had not had sufficient time to retain a lawyer. Under these circumstances we do not find either an express or implied waiver of counsel.
Defendant's remaining assignments are also without merit. By Assignment No. 1 defendant contends that the trial court erred in allowing the State to identify defendant (who was seated in the spectators' area of the courtroom) to the prospective jurors on voir dire. The state argues that it was essential to know whether any of the prospective jurors knew defendant, if not by name, by sight, so that the state might challenge the juror for cause or exercise a peremptory challenge. In light of the wide latitude afforded both the defense and state on voir dire examination as well as the fact that there is no evidence that defendant was prejudiced by the state's identification, this assignment lacks merit.
Defendant contends in Assignment No. 2 that the trial court erred in denying defendant's motion to suppress the evidence seized from his automobile. The state argues that defendant consented to the search. At the hearing on the motion to suppress defendant testified that he told one of the investigating officers that he could look into his vehicle. Each of the officers who conducted the search similarly testified that defendant consented to the search. In light of this testimony, we do not find that the trial court erred in denying the motion to suppress.
Finally defendant argues by Assignment No. 3 that the trial court erred in allowing the state to elicit testimony that when the defendant was asked for the keys to the trunk of his car, he stated that he did not have them. A "pat down" of defendant subsequent to his arrest revealed that defendant did indeed have the keys. At trial defendant objected to the admission of the statement but without stating grounds for the objection. In brief defendant argues for the first time that the statement was not inculpatory and that it was introduced only to prove that the defendant was a liar. It is well-settled that counsel must state the basis for his objection when making it and point out the specific error which the trial court is making. An assignment of error *1218 reserved to a trial court ruling were there is no basis for the objection stated and no error pointed out presents nothing for this Court's review. La.Code Crim.Pro. art. 841. State v. Powell, 325 So.2d 791 (La.1976). This assignment also lacks merit.

Decree
For the foregoing reasons, defendant's conviction is affirmed. His sentence is vacated and the case is remanded to the district court for re-sentencing.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED TO THE DISTRICT COURT FOR RE-SENTENCING.
DENNIS, J., concurs, but disagrees with the opinion's interpretation of L.C.Cr.P. article 841.
NOTES
[1] The record on appeal contains six assignments of error. However, one of those assignments has been neither briefed nor argued. It is therefore considered abandoned. State v. Blanton, 325 So.2d 586 (La. 1976).