EDWARDS, Judge.
Defendant was convicted of purse snatching, a violation of LSA-R.S. 14:65.1, subsequently adjudged a second felony offender, and sentenced to twenty years at hard labor. He appeals, contending that he should not have been adjudged a second felony offender, and that his sentence is excessive.
On November 18, 1985, Dorothy Lee Gammel, a psychologist at the Margaret Dumas Mental Health Center in East Baton Rouge Parish, had been working alone in her office in a building located to the rear of the main building in the complex. At about 5:30 p.m., as she prepared to leave, she telephoned the receptionist in the main building and requested that the receptionist maintain watch as she walked from her office through a parking lot to the main building. As she left her own office, however, defendant ran toward her, threw a jacket over her head, grasped her by both forearms, and dragged her, screaming and struggling, down a hallway. Defendant eventually released her, but hit her jaw and shoulder and then grabbed her purse and fled out the back door. A group of five or six civilians pursued defendant into a nearby wooded area, apprehended him, and held him until the police arrived and arrested him.
In the habitual offender hearing, the state introduced certified copies of arrest and prison records, as well as court minutes of convictions and sentencing of Reginald T. Breckenridge on several previous *801 felonies. The state then established that defendant was the same Reginald T. Breckenridge by comparing defendant’s fingerprints, taken in court, with the fingerprint card from Reginald T. Breckenridge’s prison record.
Defendant contends that the trial court erred in accepting the state’s witness, Emily Gilchrist, as an expert in fingerprint analysis. Although an expert witness’ competency must be established to the satisfaction of the court, LSA-R.S. 15:466, the trial court has wide discretion in qualifying expert witnesses. State v. Trosclair, 443 So.2d 1098, 1105 (La.1983), cert, dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984).
At the hearing it was established that Gilchrist had worked for the Louisiana State Police, Criminal Records Section, for the past fourteen years, that she initially received eighty hours of fingerprint training and then another forty hours of FBI training in latent fingerprints, that she had done fingerprint comparisons and identifications daily for the entire period of her employment, that during the last five years she had trained and supervised others, and that she had qualified as an expert in fingerprint comparison and identification in the Nineteenth Judicial District Court on three other occasions. It certainly was not an abuse of discretion for the trial court to qualify Ms. Gilchrist as an expert in fingerprint analysis.
Defendant also claims that the court erred by allowing Ms. Gilchrist to fingerprint him in open court and compare his prints to those in his previous arrest record, and by admitting both sets of prints into evidence. Defense counsel did not, however, state on the record the basis for his objections, and therefore the objections were not preserved for review on appeal. It is well settled that defense counsel must not only object, but state the basis for his objection and point out the specific error he believes the trial court has made. LSA-C. Cr.P. art. 841; State v. Williams, 374 So.2d 1215, 1217-18 (La.1979). Accordingly these contentions will not be reviewed on appeal. Since we have found all of defendant’s specific complaints regarding his adjudication as a second felony offender mer-itless,* the trial court did not err by sentencing him accordingly.
Finally defendant argues that the court failed to comply with the sentencing guidelines in article 894.1 of the Code of Criminal Procedure, and that his sentence is excessive. The trial judge did indeed comply with article 894.1, citing defendant’s criminal record, noting that a lesser sentence would deprecate the seriousness of the crime, and that there was an undue risk that defendant would, commit another crime during any period of suspension or probation. It is not necessary for a trial court to recite the entire checklist from article 894.1; the record need only reflect that the judge adequately considered the guidelines. State v. Davis, 448 So.2d 645, 653 (La.1984).
A trial court has wide discretion to impose a sentence within statutory limits, but a sentence even within statutory limits may be excessive if it is so grossly out of proportion to the offense committed that it shocks our sense of justice. State v. Pearson, 425 So.2d 704, 705 (La.1982). Defendant’s twenty-year sentence is not excessive. He was convicted of purse snatching, the penalty for which is two to twenty years with or without hard labor. Having been adjudged a second felony offender, defendant could have received as much as forty years. See LSA-R.S. 15:529.1 A(l).
Although defendant was billed and adjudged only as a second felony offender, the record reflects that he had at least five previous felony convictions. Defendant asks us to consider that his crimes have not been violent ones. Yet the mere fact that the victim suffered no serious physical injury does not detract from the gravity of this offense. The victim had a terrifying experience. Besides her physical injuries, she *802 was injured psychologically and financially. Out of fear of again becoming a victim, she resigned her position at the mental health center and accepted other employment at substantially lower pay. Furthermore the evidence shows that defendant carefully and deliberately planned this crime. Under these circumstances, his sentence of twenty years is not excessive.
Accordingly defendant’s conviction and sentence are affirmed.
AFFIRMED.

Two of defendant’s assignments of error, that the court allowed hearsay testimony, and that the verdict was contrary to the law and the evidence, were not briefed, and were therefore abandoned. See Uniform Rules—Courts of Appeal, Rule 2-12.4.