598 So.2d 1144 (1992)
STATE of Louisiana
v.
Alfred FLOWERS.
No. 91 KA 0051.
Court of Appeal of Louisiana, First Circuit.
April 10, 1992.
*1145 Doug Moreau, Dist. Atty. by Darwin Miller, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
Kathryn M. Flynn, Asst. Public Defender, Baton Rouge, for defendant/appellant.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
The defendant, Alfred Flowers, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. The defendant pled not guilty, and after a trial by jury, he was found guilty as charged. The defendant was sentenced to forty-five years imprisonment at hard labor, with credit for time served. The defendant appealed his conviction to the Louisiana Supreme Court, which affirmed the judgment of the trial court. State v. Flowers, 337 So.2d 469 (La.1976). Subsequently, the defendant filed a motion for post-conviction relief in which he sought a correction *1146 of his illegally lenient sentence.[1] This motion was granted, and the trial court resentenced the defendant to forty-five years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, with credit given for time served. The defendant appealed urging three assignments of error:
1. The trial court erred in denying the defendant the right to counsel at his resentencing.
2. The trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1.
3. The trial court erred in imposing a harsher sentence upon the defendant than his original sentence.
ASSIGNMENT OF ERROR NUMBER ONE:
In his first assignment of error, the defendant argues that the trial court erred in denying him the right to counsel at his resentencing. The defendant sets forth that the trial court initially resentenced him without an attorney present to represent him. The defendant claims that when he inquired about the possibility of his representation by an attorney, the trial court appointed an attorney for him and immediately sentenced him again to the same sentence initially imposed without counsel.
Louisiana Constitution Article I, § 13, recognizes the right to the assistance of counsel at every stage of the proceedings against a person accused of a crime. State v. White, 325 So.2d 584, 585 (La. 1976). Likewise, the constitutional right to the assistance of counsel provided by the Sixth Amendment of the United States Constitution mandates the right, unless waived, to the assistance of counsel at every critical stage of the proceedings, including an initial or deferred sentencing. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968). Unless a defendant has made a knowing and intelligent waiver of his right to counsel, any sentence imposed in the absence of counsel is invalid and must be set aside. State v. Williams, 374 So.2d 1215, 1217 (La.1979).
In the present case, counsel was appointed to represent the defendant at resentencing. Therefore, the defendant's argument that he was denied his right to counsel is misplaced. Even were we to liberally construe the defendant's argument as one of ineffective counsel, we would find no merit in such an argument because no prejudice whatsoever has been alleged, as required by the standard enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Therefore, we find this assignment of error to be without merit.
ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE:
The defendant urges in his second assignment of error that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. In his third assignment of error, the defendant argues that the trial court erred in imposing a harsher sentence upon the defendant than his original sentence.
The defendant was originally sentenced to forty-five years at hard labor for his conviction of armed robbery. The sentence for a person convicted of armed robbery is imprisonment at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:64 B. and 15:574.4 B. The defendant's illegally lenient sentence was corrected by the trial court when it resentenced the defendant to forty-five years at hard labor without benefit of parole, probation, or suspension of sentence. Upon a motion of the state or the defendant, the sentencing court should correct an illegally lenient sentence by imposing a legal sentence of a term of years to be served without benefit of parole, probation, or suspension *1147 of sentence in accordance with the mandatory provisions of the criminal statute. LSA-R.S. 14:64; LSA-C.Cr.P. art. 882; State v. Fraser, 484 So.2d 122 (La. 1986).
Generally, when the state has not sought review, an appellate court is prevented from correcting an illegally lenient sentence because to do so would have a "chilling effect" on the exercise of the defendant's right to appeal. See State v. Fraser, 484 So.2d 122 (La.1986). However, the trial court may correct an illegal sentence at any time. LSA-C.Cr.P. art. 882 A. In the instant case, the trial court corrected the defendant's sentence after the defendant filed an application for post-conviction relief asserting that his sentence was illegally lenient and that he should be resentenced. The trial court granted defendant's application for post-conviction relief "solely for the purpose of resentencing the petitioner in accordance with the recommendation of Commissioner Kay Bates." Thus, we do not find the trial court's correction of the defendant's sentence to be unconstitutional or unfair, particularly because it was the defendant who raised the issue that his sentence was illegally lenient.
The correction of an illegally lenient sentence will usually result in a harsher sentence regarding parole eligibility than that originally imposed. When such a sentence is corrected, the record should reflect consideration by the resentencing judge of the intent of the judge who imposed the original sentence, and whether the sentence was handed down by the same judge or another judge. If the intent of the judge who imposed the original sentence was that the term of years be served without benefit of parole, probation, or suspension of sentence, resentencing to the same term without benefit of parole, probation, or suspension of sentence is appropriate. If the original sentencing judge's intent was to allow parole eligibility, then the resentencing judge may impose a sentence of a lesser term without benefit of parole to reflect that intent. If the intent of the original judge cannot be determined, the resentencing judge should make an independent determination of an appropriate sentence, not to exceed the term of years originally imposed, to be served without parole, probation, or suspension of sentence.
Because the resentencing judge was not the judge who originally sentenced the defendant and because the record does not reflect the proper consideration by the resentencing judge in this case, the corrected sentence is vacated; the case is remanded to the district court for resentencing in accordance with the considerations set forth above. State v. Washington, 578 So.2d 1150 (La.1991).
SENTENCE VACATED, CASE REMANDED FOR RESENTENCING.
NOTES
[1] In his application for post conviction relief, the defendant argued, inter alia, that imposition of a legal sentence of a shorter duration would be consistent with the intent of the trial judge, while correcting the trial court's failure to impose a sentence without benefit of probation and parole.