670 So.2d 667 (1996)
STATE of Louisiana
v.
Robert W. DUPAS, Jr.
No. CR94-1264.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1996.
*668 James M. Buck, Alexandria, for State.
Joseph Richard Kutch, Pineville, for Robert W. Dupas.
Before PETERS, AMY, and SULLIVAN, JJ.
PETERS, Judge.
The defendant, Robert W. Dupas, Jr., was charged with armed robbery, a violation of La.R.S. 14:64. After trial, a jury returned a verdict of guilty. On May 14, 1990, the trial court sentenced the defendant to eighteen years at hard labor without benefit of parole, probation, or suspension of sentence. Thereafter, on June 18, 1990, the court minutes were corrected to reflect that the sentence was to be eighteen years at hard labor with only the first five years of the sentence being without benefit of parole, probation, or suspension of sentence. The defendant filed a number of pro-se pleadings addressing the legality of his sentence. Included within those pleadings was an application for a supervisory writ to this court asking that the trial court be directed to correct the illegally lenient sentence. This court granted the writ and remanded the case to the trial court for correction of the sentence. In response to this remand, the trial court reinstated the original sentence of eighteen years at hard labor without benefit of probation, parole, or suspension of sentence. The defendant has appealed asserting one assignment of error and three pro-se assignments of error. These assignments are overlapping and essentially amount to two assignments of error: (1) the trial court erred in resentencing the defendant to his original sentence and (2) the trial court erred in resentencing the defendant without defense counsel present at the hearing.

DISCUSSION OF RECORD
The defendant was convicted of armed robbery of the Kwik Pantry on Bolton Avenue in Alexandria, Louisiana, on July 2, 1989. The trial was held on February 5 and 6, 1990, and the defendant was originally sentenced by Judge William P. Polk[1] to serve eighteen years at hard labor without benefit of probation, parole, or suspension of sentence. On May 18, 1990, the defendant filed a motion and order for appeal. An agreement was subsequently reached on June 18, 1990, whereby the defendant would abandon his appeal in exchange for his sentence being *669 amended so that only the first five years of the eighteen-year sentence would be without benefit of probation, parole, or suspension of sentence. The record does not reflect that the defendant was resentenced, and the only evidence of the agreement is the minute entry of June 18, 1990.[2] During these proceedings the defendant was represented by court-appointed counsel.
On December 16, 1993, in response to the defendant's pro-se application for supervisory and/or remedial writs, this court remanded the case to the trial court for correction of the illegally lenient sentence and to have the defendant sentenced in accordance with La. R.S. 14:64.
A resentencing hearing was conducted on July 15, 1994, with Judge B. Dexter Ryland presiding. Judge Ryland was informed by the state that Judge Jackson had originally sentenced the defendant and that Judge Polk had later amended the sentence. Judge Ryland then resentenced the defendant to his original sentence of eighteen years at hard labor without benefit of probation, parole, or suspension of sentence. The defendant appeared before Judge Ryland without counsel and was not questioned to determine if he knowingly, intelligently, and voluntarily waived his right to counsel.
On the same day he was resentenced, the defendant orally moved for an appeal of his amended sentence. On October 17, 1994, this court remanded the case to the trial court for an evidentiary hearing to determine if the defendant knowingly, intelligently, and voluntarily waived his right to counsel at his resentencing. On November 21, 1994, Judge Ryland conducted the hearing pursuant to the remand and concluded that the defendant had not waived his right to counsel. Although his previously appointed counsel appeared at this hearing, the defendant informed the court that he and his family would retain other counsel. Based on this assertion, the trial court gave him until January 23, 1995, to retain counsel and set March 15, 1995, as the deadline for filing assignments of error. However, the defendant was not resentenced with counsel present.

OPINION
La.Code Crim.P. art. 511 provides in pertinent part that "[t]he accused in every instance has the right to defend himself and to have the assistance of counsel." The mandate of this statute includes the right to counsel at sentencing or resentencing.
Louisiana Constitution Article I, § 13, recognizes the right to the assistance of counsel at every stage of the proceedings against a person accused of a crime. State v. White, 325 So.2d 584, 585 (La.1976). Likewise, the constitutional right to the assistance of counsel provided by the Sixth Amendment of the United States Constitution mandates the right, unless waived, to the assistance of counsel at every critical stage of the proceedings, including an initial or deferred sentencing. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968). Unless a defendant has made a knowing and intelligent waiver of his right to counsel, any sentence imposed in the absence of counsel is invalid and must be set aside. State v. Williams, 374 So.2d 1215, 1217 (La.1979).
State v. Flowers, 598 So.2d 1144, 1146 (La. App. 1 Cir.1992) (emphasis added). Because the defendant was not represented by counsel at resentencing and because the trial court concluded on remand that he did not knowingly, intelligently, and voluntarily waive his right to counsel at that time, we are compelled to vacate the corrected sentence and remand the case to the trial court for resentencing.
Having found that the trial court erred in resentencing the defendant without counsel or without a knowing, intelligent, and voluntary waiver of his right to counsel, we do not have to consider at this time whether the trial court erred in resentencing the defendant *670 to his original sentence. However, because we find that the trial court resentenced the defendant based on erroneous information, we will address that issue in the name of judicial efficiency.
There is no dispute but that the amended sentence imposed on June 18, 1990, was an illegally lenient sentence. La.R.S. 14:64 clearly provides that armed robbery carries a mandatory sentence of five to ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence. It is the defendant's contention that Judge Polk intended to give him a benefit when he amended the sentence. In other words, the defendant contends that Judge Polk intended to decrease the amount of mandatory incarceration time originally imposed by amending the sentence.
An illegally lenient sentence may be corrected by the sentencing court upon motion of the state or defendant by imposition of a legal sentence of a term of years to be served without benefit of parole, probation, or suspension of sentence in accordance with the mandatory provisions of the criminal statute, in this case La.R.S. 14:64. The supreme court in State v. Desdunes, 579 So.2d 452, 452 (La.1991), set forth the trial court's obligation in the correction process as follows:
Since correction of an "illegally lenient" sentence will usually result in a harsher sentence than that originally imposed as regards parole eligibility, upon correction of such a sentence the record should reflect consideration by the resentencing judge of the intent of the judge who imposed the original sentence, whether it be the same judge or another judge. If the intent of the judge who imposed the original sentence was that the term of years be served without benefit of parole, resentencing to the same term of years without benefit of parole is appropriate. If the intent of the judge who imposed the original sentence was to allow parole eligibility, then the resentencing judge may impose a sentence of a lesser term of years without benefit of parole to reflect that intent. If the intent of the judge who imposed the original sentence cannot be determined, then the resentencing judge should make an independent determination of an appropriate sentence, not to exceed the term of years originally imposed, to be served without benefit of parole.
In this case, Judge Ryland received a brief, but inaccurate, summary of the past proceedings when he was informed by the state that Judge Jackson had presided over the defendant's jury trial and original sentencing and that Judge Polk had amended the sentence. Judge Ryland was led to believe that he was reinstating the sentence that the original trial judge had imposed. Thus, he obviously concluded that he was imposing the appropriate sentence by reimposing the original sentence. From Judge Ryland's vantage point of the facts, Judge Polk was completely unattached to these proceedings and had improperly disturbed the original sentence imposed by Judge Jackson. While this inaccurate information was based on the state's review of the court minutes and was not intentionally submitted to mislead Judge Ryland, the information was misleading. In order to ascertain the original judge's intent in sentencing a defendant, the judge must be cognizant of the identity of the original judge.
On remand, it will be necessary for the sentencing judge to attempt to discover Judge Polk's intent in resentencing the defendant. If the resentencing judge is unable to ascertain Judge Polk's intent, then he must make an independent determination of an appropriate sentence for the defendant, not to exceed the original sentence imposed.

DISPOSITION
For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded for resentencing in accordance with the considerations set forth herein.
REVERSED AND REMANDED.
NOTES
[1] The minutes contained in the record indicate that the presiding judge was Judge Robert P. Jackson, but the transcript of the proceedings indicates that Judge Polk was presiding.
[2] The minute entry reads as follows: "On motion of counsel, K. Rodenbeck, representing Robert W. Dupas, the Court corrected the minutes of Monday, May 14, 1990, sentencing of Dupas to reflect the intended sentence as follows: (1) Court sentenced the accused to be committed to the custody of the Louisiana Department of Corrections, there to serve at hard labor for a period of eighteen (18) years, the first five (5) without benefit of probation, parole, or suspension of sentence, in such adult penal or correctional institution as that department might designate."