NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

NO. 07-1492

STATE OF LOUISIANA

VERSUS

B. S.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 19719-01
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and
James T. Genovese, Judges.

**SENTENCE VACATED. REMANDED TO THE TRIAL COURT FOR
RESENTENCING.**

John F. Derosier
District Attorney
Carla S. Sigler
Assistant District Attorney
Fourteenth Judicial District
1020 Ryan Street
Lake Charles, LA 70601
(337) 437-3400
COUNSEL FOR APPELLEE:
        State of Louisiana

**Annette Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, Louisiana 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **B.S.**

PETERS, J.

This matter is before us for the second time based on a complaint by the defendant, B.S., concerning the sentence imposed on him for his conviction of forcible rape, a violation of La.R.S. 14:42.1. For the following reasons, we vacate the sentence imposed and remand this matter to the trial court for resentencing.

The facts giving rise to this appeal are not in dispute. The defendant pled guilty on May 17, 2004, to the offense of forcible rape. The trial court then sentenced him to serve twenty-five years at hard labor, with at least two years of the sentence to be served without benefit of probation, parole, or suspension of sentence.

Over two years after sentencing, on July 6, 2006, the defendant filed a motion in the trial court to have his sentence corrected. In his motion, the defendant asserted that the trial court, by using the phrase "*at least*" with regard to that portion of the sentence to be served without probation, parole, or suspension of sentence, imposed an illegally indeterminate sentence. The trial court denied this motion, and the defendant sought review of that decision by this court through an application for supervisory writs. In an unpublished opinion, this court granted him relief with the following language:

> **WRIT GRANTED AND MADE PEREMPTORY:** We find that Relator's sentence imposed on May 17, 2004, is indeterminate in that the court failed to specify what portion of Relator's sentence was to be served without benefit of parole. *See* La.R.S. 14:42.1(B) and La.Code Crim.P. art. 879. Accordingly, we vacate the sentence and remand to the trial court for imposition of a determinate sentence.

*State v.* [*B.S.*], 06-1532 (La.App. 3 Cir. 2/9/07) *writ denied*, 06-1532 (La. 3/16/07).

On May 25, 2007, the trial court resentenced the defendant to serve twenty-five years at hard labor, with two years of the sentence to be served without benefit of parole, probation, or suspension of sentence. This sentence constitutes the basis of the appeal now before us. Initially, the defendant sought review of this sentence

through an application for supervisory writs. Recognizing that the proper vehicle for review of this sentence was an appeal, this court in another unpublished opinion, converted the supervisory writ application to an appeal. *State v. [B.S.]*, 07-1156 (La.App. 3 Cir. 10/24/07).

The defendant complains that (1) the trial court erred in resentencing him in the absence of legal counsel and without a valid waiver of his right to the assistance of counsel, and (2) the trial court erred in failing to dispose of all counts contained in the bill of information giving rise to his conviction.

### *Assignment of Error Number One*

The record before us establishes that the defendant was represented by counsel from early in the proceedings through the plea proceedings held May 17, 2004. In the post-conviction pleadings filed thereafter, the defendant represented himself both at the trial level and in this court.[1] Thus, when he appeared before the trial court for resentencing on May 25, 2007, he represented himself. When this court converted his supervisory writ application to an appeal, we also ordered that the trial court appoint counsel to represent the defendant on appeal, provided the defendant was found to be indigent and did not waive assistance of counsel. Thereafter, the trial court appointed counsel for the defendant in compliance with our order.[2]

The defendant's complaint on appeal is that the trial court erred in proceeding with the resentencing hearing when he was not represented by counsel and without obtaining a knowing and intelligent waiver of his right to counsel.

---

[1]The issues now before us are not the only relief sought by the defendant after his conviction.

[2]The record does not reflect that the trial court entertained a hearing to determine the defendant's financial status or whether he waived counsel on appeal. However, his right to representation on appeal is not an issue before us.

> In *State v. Dupas*, 94-1264 (La.App. 3 Cir. 3/6/96), 670 So.2d 667, this court held that a defendant has a right to counsel at his sentencing and resentencing. "Unless a defendant has made a knowing and intelligent waiver of his right to counsel, any sentence imposed in the absence of counsel is invalid and must be set aside." *Id*. at p. 4, at 669, *quoting State v. Flowers*, 598 So.2d 1144 (La.App. 1 Cir.1992).

*State v. Bernard*, 97-362, p. 18 (La.App. 3 Cir. 10/8/97), 702 So.2d 876, 885. Citing the *Dupas* decision and La.Code Crim.P. art. 511, the State of Louisiana (state) concedes in its brief to this court that the defendant was not represented by counsel and did not waive his right to counsel at the May 25, 2007 hearing. It suggests that the defendant is entitled to relief and that a remand for resentencing is the proper remedy. We also agree.

### Assignment of Error Number Two

In this assignment of error, the defendant asserts that the trial court erred in failing to dispose of all counts contained in the original bill of information.[3] In its brief to this court, the state agrees with the defendant's argument on this issue, and suggests a remand is appropriate. We decline to address this issue.

This court's October 24, 2007 ruling converting the defendant's supervisory writ application to an appeal addressed only the defendant's argument concerning his sentence. That being the case, the issue raised by the defendant in his second assignment of error is not properly before us.

### DISPOSITION

For the foregoing reasons, we vacate the defendant's sentence and remand this matter to the trial court for resentencing in a manner consistent with this opinion.

---

[3]The defendant was originally charged with one count of aggravated rape, a violation of La.R.S. 14:42; one count of attempted aggravated rape, a violation of La.R.S. 14:42 and La.R.S. 14:27; and two counts of aggravated incest, violations of La.R.S. 14:78.1. His conviction of forcible rape arose from a plea agreement arising from this bill of information.

3

**SENTENCE VACATED. REMANDED TO THE TRIAL COURT FOR RESENTENCING.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.