WILLIAMS, J.
hThe defendant, Sean Dee Williams, was charged by amended bill of information with three counts of felony theft, violations of LSA-R.S. 14:67(B). The defendant pled guilty as charged to three counts of felony theft. The district court sentenced the defendant to serve ten years at hard labor. Defendant appeals his sentence as indeterminate and excessive. For the following reasons, we affirm the defendant’s convictions, vacate the defendant’s sentence and remand this matter for resentencing.
DISCUSSION
The record shows that after being advised of his rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the defendant pled guilty to three counts of felony theft. The district court then explained that although there was no agreed sentence, the court would impose concurrent sentences. At sentencing, the trial court noted its review of a presentence investigation report and stated the following:
Trial Court: So taking everything into consideration, noting that you’re not eligible for probation and I feel that any lesser sentence than what I’m about to give would deprecate the ser *820 iousness of the offense, as well as, the fact that you are a sixth felony offender, it’s going to be the sentence of this Court that you serve ten years at hard labor in the Department of Corrections for the State of Louisiana.
The trial court did not specify to which conviction the sentence applied. Defendant’s motion to reconsider sentence was denied and this appeal followed.
Error Patent
The defendant contends the district court erred in imposing an ^Indeterminate sentence. Pursuant to LSA-C.Cr.P. art. 920, we have reviewed the record for error patent and note that the district court imposed an indeterminate sentence.
LSA-C.Cr.P. art. 879 requires that the court impose a determinate sentence. State v. Weaver, 38,322 (La.App.2d Cir.5/12/04), 873 So.2d 909. Where a record fails to reflect that a defendant has been sentenced on all counts against him, the sentence imposed is rendered invalid. State v. Hood, 04-666 (La.App. 3rd Cir.2/16/05), 895 So.2d 624; State v. Bessonette, 574 So.2d 1305 (La.App. 3rd Cir.1991).
In 2009, LSA-R.S. 14:67(B)(1) provided that the penalty for theft in the amount of $500 or more was imprisonment with or without hard labor for not more than ten years, or a fine of up to $3,000, or both. In 2010, the statute was amended so that LSA-R.S. 14:67(B)(2) now provides a sentence of not more than five years for thefts of $500 or more, but less than $1,500.
In the present case, the district court sentenced the defendant to serve ten years in prison at hard labor. However, the sentencing transcript does not reflect that the court imposed a separate sentence for each of defendant’s felony theft convictions. Thus, the ten-year sentence imposed is invalid.
Because the sentence is indeterminate and constitutes error patent, we vacate the sentence and remand for resentencing in accordance with the law. This conclusion pretermits consideration of the defendant’s assignment of error alleging excessive sentence.
CONCLUSION
For the foregoing reasons, the defendant’s convictions are affirmed, [3but the sentence imposed is hereby vacated and this matter is remanded for resentencing.
CONVICTIONS AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.