# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1188


**STATE OF LOUISIANA**

**VERSUS**

**CHRISTOPHER H. JOSEPH**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 22090-08
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

**SENTENCE VACATED AND REMANDED**
**FOR RESENTENCING.**


**John Foster DeRosier**
**District Attorney – 14th Judicial District**
**Karen C. McLellan**
**Assistant District Attorney – 14th Judicial District**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**Telephone: (337) 437-3400**
**COUNSEL FOR:**
    **Plaintiff/Appellee - State of Louisiana**

**Carey J. Ellis, Jr.**
**Louisiana Appellate Project**
**P. O. Box 719**
**Rayville, LA 71269**
**Telephone: (318) 728-2043**
**COUNSEL FOR:**
    **Defendant/Appellant - Christopher H. Joseph**

**Christopher H. Joseph**
**Louisiana State Prison**
**MPWY/Oak - 3**
**Angola, LA 70712**
  **Defendant/Appellant**

**THIBODEAUX, Chief Judge.**

Defendant Christopher H. Joseph appeals his sentence of life imprisonment without the benefit of parole, probation, or suspension for a second degree murder conviction. The trial court sentenced Defendant at a resentencing hearing at which he had no counsel. On appeal, Defendant contends that he was entitled to counsel at the hearing and that his sentence is excessive. The State agrees that Defendant was entitled to counsel but contends that Defendant's sentence is appropriate. Because we find that the trial court erred in resentencing Defendant in the absence of counsel or waiver by Defendant of his right to counsel, we vacate the sentence and remand the matter to the trial court for resentencing.

I.

**ISSUES**

We must determine:

(1)     whether the trial court erred in resentencing Defendant without counsel present; and

(2)     whether the trial court imposed an unconstitutionally excessive sentence on Defendant.

II.

**FACTS AND PROCEDURAL HISTORY**

Defendant Christopher H. Joseph was previously charged and convicted of first degree murder and sentenced to life imprisonment without the benefit of parole, probation, or suspension. Defendant appealed, pro se. He also requested counsel, and the Louisiana Appellate Project was appointed to represent him. On appeal, this court vacated Defendant's conviction of first degree murder

and entered a conviction of second degree murder in its place. This court further vacated the life sentence and remanded the matter to the trial court for resentencing. *State v. Joseph*, 11-1583 (La.App. 3 Cir. 6/13/12), 94 So.3d 922, *writ denied*, 12-1652 (La. 3/1/13), 108 So.3d 783.

More than a year passed and the trial court had not yet scheduled the hearing for resentencing. Defendant wrote a letter to the clerk of court asking that the resentencing hearing be scheduled. This letter was treated as a motion in the trial court's order scheduling the hearing.

At the hearing, Defendant appeared without counsel. At the outset, the trial court asked if the public defender who represented Defendant at trial was supposed to be there. The State responded in the negative and stated that the public defender had not represented Defendant on appeal. The court then asked, "And it was pro se?" The State responded in the affirmative, to which the court responded, "Okay." The court then sentenced Defendant, again, to life imprisonment without the benefit of parole, probation, or suspension. Thereafter, Defendant appealed.

III.

**STANDARD OF REVIEW**

"[T]he right to counsel is such a fundamental right that it is not subject to the harmless error analysis" and a violation of this right will constitute reversible error. *State v. Haider*, 00-231, p. 7 (La.App. 3 Cir. 10/11/00), 772 So.2d 189, 193. In reviewing a claim of excessive sentence, we recognize that the "trial court has wide discretion in the imposition of sentence within the statutory limits," and on appeal, "such sentence shall not be set aside as excessive absent a manifest

2

abuse of discretion." *State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

IV.

## LAW AND DISCUSSION

Defendant and the State both contend that Defendant was entitled to counsel at resentencing. We agree. The constitutional mandates of the right to counsel were not complied with at resentencing, and the imposed sentence must be set aside. As such, we need not reach the issue of whether the sentence is excessive.

Pursuant to the Sixth Amendment of the United States Constitution, a defendant has a right to counsel at every critical stage of criminal proceedings, including a resentencing hearing. *State v. Dupas*, 94-1264 (La.App. 3 Cir. 3/6/96), 670 So.2d 667. "Unless a defendant has made a knowing and intelligent waiver of his right to counsel, any sentence imposed in the absence of counsel is invalid and must be set aside." *Id*. at 669 (quoting *State v. Flowers*, 598 So.2d 1144, 1146 (La.App. 1 Cir. 1992)). In determining whether a defendant has knowingly and intelligently waived the right to counsel, a trial court must conduct "a meaningful inquiry" with the defendant regarding the waiver and must advise the defendant "of the dangers and disadvantages of self-representation." *State v. Hayes*, 95-1170, pp. 4-5 (La.App. 3 Cir. 3/6/96), 670 So.2d 683, 685-86. Alternatively, this court has found that a defendant's conduct can constitute an implied waiver of the right to counsel. *State v. Batiste*, 96-526 (La.App. 3 Cir. 12/11/96), 687 So.2d 499, *writ denied*, 97-174 (La. 6/30/97), 696 So.2d 1003; *State v. Mitchell*, 580 So.2d 1006 (La.App. 3 Cir. 1991), *writ denied*, 613 So.2d 969 (La.1993). Such conduct

includes dilatory tactics by a defendant, for example, obtaining multiple continuances by refusing to accept court-appointed counsel and failing to secure other counsel. *Id.* Additionally, a criminal defendant is entitled to court-appointed counsel at each stage of the proceedings if indigent and facing charges punishable by imprisonment. La.Const. art. 1, § 13.

Here, the constitutional mandates of the right to counsel were not followed. At resentencing, the trial court learned that Defendant did not have counsel and sentenced him without conducting any inquiry regarding whether Defendant was waiving his right to counsel. Moreover, the trial court did not warn Defendant of the risks involved in self-representation. Additionally, the hearing transcript shows that Defendant did not engage in any conduct, dilatory or otherwise, that could be interpreted as impliedly waiving his right to counsel. The record indicates that the trial court might not have believed Defendant to be entitled to counsel, given the pro se nature of the "motion" he made requesting the hearing. However, Defendant's request was prompted by the court's delay in fulfilling its existing obligation to schedule the hearing and had no bearing on his right to counsel at the proceeding.

Since the trial court sentenced Defendant without counsel present and without his knowing and intelligent or implied waiver of the right to counsel, the sentence is invalid and must be set aside. Accordingly, we vacate the sentence imposed by the trial court and remand this matter for a resentencing compliant with the constitutional mandates of the right to counsel. As Defendant's sentence has been vacated, the issue of its alleged excessiveness is rendered moot.

4

V.

## <u>CONCLUSION</u>

For the foregoing reasons, we vacate the sentence imposed by the trial court and remand the matter for resentencing in accordance with the considerations set forth herein.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**