Judgment rendered May 10, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,997-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                         Appellee

versus

LANDON R. FULLER                           Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Franklin, Louisiana
Trial Court No. 2013607F

Honorable Stephen Gayle Dean, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Edward K. Bauman


PENNY WISE DOUCIERE                     Counsel for Appellee
District Attorney

CAROLINE HEMPHILL
SHIRLEY GUILLORY GEE
Assistant District Attorneys

* * * * *

Before STONE, HUNTER, and ELLENDER, JJ.

**HUNTER, J.**

In 2013, the defendant, Landon R. Fuller, was charged by bill of indictment with two counts of aggravated rape, in violation of La. R.S. 14:42. Pursuant to a plea agreement, the defendant pled guilty to two reduced charges of forcible rape.[1] He was initially sentenced to serve two concurrent sentences of 40 years. Thereafter, the trial court granted the defendant's motion to reconsider sentence and sentenced the defendant to serve 25 years; the trial court later denied the defendant's motion to correct an illegal sentence. By order dated May 27, 2021, this Court reversed the trial court's denial of the motion, vacated the defendant's sentence, and remanded this matter for resentence.

Following remand, the trial court sentenced the defendant to serve 25 years at hard labor on each count, with the sentences to run consecutively and with credit for time served. For the following reasons, we vacate the defendant's sentences and remand this matter to the trial court for further proceedings consistent with this opinion.

## FACTS

On October 6, 2014, the defendant pled guilty to the forcible rape of two children; one child was five years old, and the other child was seven

---

[1] On June 29, 2015, the Louisiana Legislature approved 2015 La. Acts 256, which amended and reenacted the introductory paragraphs of La. R.S. 14:42 and La. R.S. 14:42.1 to rename the crimes of "aggravated rape" and "forcible rape" to "first degree rape" and "second degree rape," respectively. La. R.S. 14:42(E) and La. R.S. 14:42.1(C) were added to describe the amendments, which changed the names of the offenses. Pursuant to the amendments, effective August 1, 2015, any reference to the crime of aggravated rape is the same as a reference to the crime of first degree rape, and any reference to the crime of forcible rape is the same as a reference to the crime of second degree rape.

years old.  The offenses were committed between October 1, 2012, and April 30, 2013, when the defendant was 16 years old.[2]

A *Boykin* hearing was conducted on October 6, 2014.  During the hearing, the prosecutor stated the applicable sentencing range was five to forty years at hard labor, with at least two years to be served without benefit of probation, parole, or suspension of sentence.  However, he emphasized there was no agreement regarding the sentences or whether the sentences imposed would be run concurrently or consecutively.  Thereafter, the defendant admitted he was pleading guilty because he committed the offenses for which he was charged.  The defendant also acknowledged he understood the plea agreement, and he understood the sentences would be left to the trial court to determine after reviewing the presentence investigation ("PSI") report.

After properly reviewing the rights the defendant would be waiving by pleading guilty, the trial court, Judge James Stephens presiding, accepted the guilty plea.  The parties agreed the trial court would impose sentence after the completion of a PSI report; there was no agreement as to sentencing.  Further, the defendant was notified, in writing, of the registration requirements for sex offenders, and a copy of the notification was placed in the record.

On December 10, 2014, the defendant appeared for sentencing.  The trial court noted the defendant substantially benefited from the plea deal.  The trial court also noted the defendant's age of 18 years (at the time of

---

[2] La. Ch. C. art. 305(A)(1)(a) automatically divests the juvenile court of jurisdiction when the offender is 15 years of age or older at the time of the commission of aggravated rape and an indictment charging that offense is returned.

sentencing), and his status as a first-felony offender with no juvenile or adult record, were mitigating factors for sentencing. Nevertheless, the court sentenced the defendant to serve the maximum sentences, 40 years at hard labor, on each count to run concurrently, given the serious nature of the offenses and the harm to the victims. The defendant was given credit for time served.

The defendant filed a motion to reconsider sentence. On February 24, 2015, the trial court heard argument on the motion and subsequently reduced the defendant's sentences, based on the fact the defendant was 16 years old when he committed the offenses. The trial court stated:

> Here's why we're here today[.] I normally do not reconsider sentences. *** [T]here are two reasons I'm reconsidering this sentence. At the time I imposed that sentence, in my mind, Mr. Fuller, you were 18. That's my error. I thought you were an adult at the time. There is a big difference in a 16-year old and [an] 18-year old, that's why the law is set up the way that it is. It does not excuse what you did in any shape, form or fashion, it does not lessen the severity of the offense that you were 16 as opposed to 18.
>
> For that reason, I'm going to adjust your sentence and impose a sentence of twenty-five (25) years. You will be serving a hundred percent of that, you will still get credit for the time you served since the date of your arrest, but that is going to be the order of the Court and hopefully when you get out you will have learned something.

On December 23, 2019, the defendant filed a pro se "Motion to Correct an Illegal Sentence," pursuant to La. C. Cr. P. art. 882, arguing the trial court's order, that he must serve 100% of the sentence imposed, was illegal under La. R.S. 14:42.1 and La. R.S. 15:574.4(B). He argued the relevant statutes required him to serve 85% of the sentence imposed before becoming eligible for parole.

4

After delays, on December 21, 2020, a new trial court, Judge Stephen Dean presiding, concluded the sentence was not illegal and denied the defendant's motion. The trial court reasoned, regardless of the sentencing judge's comment, the calculation of time a defendant must serve before he is eligible for parole is governed by La. R.S. 14:574.4.

The defendant sought supervisory review of that ruling. By order dated May 27, 2021, this Court granted the defendant's writ and reversed the trial court's ruling. This Court concluded a single sentence was imposed for two counts of forcible rape when the trial court reduced the defendant's sentence from two concurrent 40-year terms to "25 years," and thus, the sentence was illegally indeterminate because the defendant must be sentenced as to each count. [3] This Court vacated the defendant's 25-year sentence and remanded the matter for resentencing.

On December 14, 2021, the defendant appeared before the trial court, Judge Dean presiding. In open court, the prosecutor advised the court the matter was before the court for a "clarification of sentence." The trial court sentenced the defendant to serve 25 years at hard labor on each count, to be served consecutively, with credit for time served. The court did not articulate any reasons for the length or consecutive nature of the sentences. Further, the trial court did not indicate what portion of the sentences would be served without benefit of probation, parole, or suspension of sentence.

---

[3] La. C. Cr. P. art. 879 requires that when a convicted defendant is sentenced to imprisonment, the court must impose a sentence; when the defendant is convicted on multiple counts, the defendant must be sentenced on all counts. *State v. Williams*, 47,583 (La App. 2 Cir. 1/16/13), 108 So. 3d 819, 820.

The defendant inquired, "Where is my lawyer, please?" The trial court informed him he did not need an attorney for a resentencing hearing.

The defendant filed a pro se writ application with this Court. On May 9, 2022, this Court granted the defendant's writ application, remanded this matter to the trial court for perfection of an appeal, and ordered the Louisiana Appellate Project to represent the defendant on appeal. This appeal ensued.

## DISCUSSION

The defendant contends the trial court erred in denying him his right to counsel, to protect his interests, as guaranteed by the Sixth Amendment to the United States Constitution. He argues he had a constitutional right to be represented by counsel because the matter was remanded for resentencing, rather than clarification of sentence, and resentencing was a critical stage in the proceedings.

The State concedes the defendant was not represented by counsel at his resentencing hearing on December 14, 2021. The State argues neither the defendant nor his counsel was required to be present because this matter came before the trial court as a motion to correct an illegal sentence.

The Sixth and Fourteenth Amendments to the United States Constitution, as well as Article I, § 13 of the Louisiana Constitution, guarantee a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment. *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); *State v. Johnson*, 50,234

(La. App. 2 Cir. 11/18/15), 182 So. 3d 1039, *writ denied*, 15-2242 (La. 3/24/16), 190 So. 3d 1190. An accused has the right to choose between the right to counsel and the right to self-representation. *State v. Mingo*, 51,647 (La. App. 2 Cir. 9/27/17), 244 So. 3d 629, 638, *writ denied*, 17-1894 (La. 6/1/18), 243 So. 3d 1064.

The Sixth Amendment to the U.S. Constitution provides that "[i]n all criminal prosecutions, the accused shall ... have the Assistance of Counsel for his defense." Similarly, La. Const. art. I, § 13 states that "[a]t each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment." Pursuant to the Sixth Amendment, a defendant has a right to counsel at every critical stage of criminal proceedings, including a resentencing hearing. *State v. Lee*, 53,805 (La. App. 2 Cir. 1/27/21), 310 So. 3d 324; *State v. Kelly*, 51,246 (La. App. 2 Cir. 4/5/17), 217 So. 3d 576, 585, *writ denied*, 17-0755 (La. 5/18/18), 242 So. 3d 573. Unless a defendant has made a knowing and intelligent waiver of his right to counsel, any sentence imposed in the absence of counsel is invalid and must be vacated. *Id.*; *State v. Collinsworth*, 452 So. 2d 285 (La. App. 2 Cir. 1984), *citing State v. Williams*, 374 So. 2d 1215 (La. 1979), and *State v. White*, 325 So. 2d 584 (La. 1976).

In *State v. Lee*, *supra*, the defendant was sentenced to life imprisonment and later filed a pro se post-conviction motion to correct an illegal sentence. Following a hearing, the trial court vacated the defendant's sentence, and without ordering a PSI report, imposed the maximum sentence of 24 years. The defendant was not represented by counsel at the

resentencing hearing. This Court vacated the sentence and remanded for the appointment of counsel prior to resentencing. We stated:

> In this case, neither the court nor the assistant district attorney recognized that the right to counsel applies at resentencing. *** Although the motion was filed as a *pro se* motion, the court never established, nor does the record show, that Lee knowingly and intelligently waived his right to counsel. Even if the court believed Lee waived his right to counsel, it never gave Lee, who had family members present in the courtroom, any meaningful opportunity to address the court. Instead, it clearly decided in advance that the maximum sentence was required.

*Id*. at 326.

In *State v. Kelly*, *supra*, the defendant was convicted of second degree murder and was sentenced to life without the benefit of probation, parole, or suspension of sentence. The trial court granted the defendant's pro se motion to correct an illegal sentence and set aside the sentence pursuant to *Miller v. Alabama*, 547 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012). Thereafter, in the same proceeding, the court resentenced the defendant to life imprisonment without the benefit of probation or suspension of sentence. The defendant was not represented by counsel during the proceeding. This Court vacated the defendant's sentence, stating:

> There can be no doubt that the resentencing of a defendant, especially in a case such as this where a sentencing court is tasked with determining whether or not a juvenile homicide defendant should spend the remainder of his life in prison without any possibility for parole, constitutes a "critical stage of the criminal proceedings." As such, the defendant should have been represented by counsel. This right is not vitiated by the fact the defendant received the best sentence possible. Such a structural error is not subject to harmless error analysis.

*Id*. at 585-6.

In *State v. Joseph*, 14-1188 (La. App. 3 Cir. 5/6/15), 164 So. 3d 389, the court of appeal vacated the defendant's sentence and

remanded the matter for resentencing. The defendant appeared at the resentencing hearing without counsel, and the trial court asked whether the public defender who represented the defendant at trial was required to be present. The State responded in the negative and informed the court the public defender had not represented the defendant on appeal. The court then asked, "And it was pro se?" The State answered in the affirmative. The trial court responded, "Okay" and resentenced the defendant to life imprisonment without the benefit of parole, probation, or suspension of sentence. The Court vacated the defendant's sentence and remanded for resentencing stating:

> Here, the constitutional mandates of the right to counsel were not followed. At resentencing, the trial court learned that Defendant did not have counsel and sentenced him without conducting any inquiry regarding whether Defendant was waiving his right to counsel. Moreover, the trial court did not warn Defendant of the risks involved in self-representation. Additionally, the hearing transcript shows that Defendant did not engage in any conduct, dilatory or otherwise, that could be interpreted as impliedly waiving his right to counsel. The record indicates that the trial court might not have believed Defendant to be entitled to counsel, given the pro se nature of the "motion" he made requesting the hearing.
>
> ***
>
> Since the trial court sentenced Defendant without counsel present and without his knowing and intelligent or implied waiver of the right to counsel, the sentence is invalid and must be set aside.

*Id*. at 391-2.

In the instant case, the defendant filed a pro se motion to correct an illegal sentence based upon the original sentencing judge's assertion the defendant would have to serve 100% of the sentence. This Court granted defendant's writ application, vacated his sentence,

9

and remanded for resentencing. When the defendant appeared for sentencing, the trial court stated:

> You have been brought back today on the Order of the Second Circuit Court of Appeal. You have filed motions concerning your sentence. The Court of Appeal ordered that it be **clarified**, gave instructions to this Court on what it required in this matter. *** As part of your plea, there was no agreement as to sentence. The presentence was ordered and there was no agreement as to whether your sentences would be served concurrently or consecutively. The Judge at that time came to a conclusion about the matter. Entered a sentence and brought you back for re-sentencing. At that time, the indication was that the Court had reached a decision that you would serve twenty-five years per count. That was not clear enough in the sentencing colloquy apparently. The Court of Appeal wished to have that **clarified**. *** [T]he Court of Appeal stated that the trial court erred in denying your motion to correct an illegal sentence. That writ was granted. The ruling of the Trial Court reversed. Your sentence [was] vacated and the matter remanded for re-sentence[.]
>                              ***

(Emphasis added). The trial court sentenced the defendant to serve 25 years at hard labor on each count, to be served consecutively, with credit for time served. The defendant then asked, "Where is my lawyer, please?" The trial court responded as follows:

> As far as – I don't think there is an attorney appointed on a re-sentencing normally, Mr. Fuller. Unless the IDB has changed procedures. Not necessary because this is merely [a] resentence. It is not a hearing in the sense that you're presenting testimony or evidence.

Thereafter, the following colloquy occurred:

> THE COURT: And for the Court's record, you did file all of these motions yourself, pro se, is that correct?
>
> [DEFENDANT]: No, sir. But inmate counsel at David Wade filed this.
>                              ***
> THE COURT: *** You don't have an attorney. You've not hired one. And there is no appointed

10

attorney need for the purpose of today's
resentencing.
***

The court proceeded to inform the defendant he would receive credit for
time served and advised him he has two years from the date his conviction
and sentence become final to seek post-conviction relief.

This Court's 2021 ruling vacated the prior 25-year sentence imposed
by the trial court on April 29, 2015. Therefore, as a result of this Court's
ruling, there was no sentence imposed upon the defendant, and as such, there
was no longer a sentence in place which could be "clarified" or modified.
Since the defendant's sentence had been vacated, resentencing was
necessary, and the defendant had a constitutional right to have counsel
present for resentencing.

We find the defendant's resentencing, particularly in a case wherein
the resentencing court was tasked with determining whether the defendant's
sentences should be consecutive or concurrent, constitutes a "critical stage of
the criminal proceedings." Our review of this record reveals neither the trial
court nor the district attorney recognized defendant's right to counsel at
resentencing, both mischaracterizing the proceedings as a "clarification" of
sentence. Although the motion was filed as a *pro se* motion, the trial court
did not conduct any inquiry with regard to whether the defendant knowingly
and intelligently waived his right to counsel. In fact, the defendant
specifically inquired, "Where is my lawyer, please?" The trial court replied,
"I don't think there is an attorney appointed on a resentencing normally"
because "[i]t is not a hearing in the same sense that you're presenting
testimony or evidence." Further, the court sentenced the defendant to serve

25 years on each count, to be served consecutively, without giving him any opportunity to address the court.

Because the trial court herein sentenced defendant without the presence of counsel and without the defendant knowingly and intelligently waiving his right to counsel, we conclude the defendant's resentencing from "25 years" to two consecutive 25-year sentences mandated legal representation for the defendant to protect his interests. Accordingly, the defendant's sentences are invalid and are hereby vacated. We remand this matter to the trial court for resentencing in compliance with the constitutional mandates of the right to counsel.

Moreover, the resentencing court did not consider the defendant's age at the time the offenses were committed, nor did it did articulate a consideration of any factors set for in La. C. Cr. P. art 894.1. Additionally, we note this record is sparse, and the details with regard to the underlying offenses, *i.e.*, whether the offenses were based on the same act or transaction or constituted parts of a common scheme or plan, are unclear. The trial court did not articulate specific reasons for imposing consecutive sentences. Thus, this record does not provide an adequate basis to determine whether the trial court erred in imposing consecutive sentences. Absent such compliance, this Court lacks appropriate criteria by which to measure the excessiveness of the sentences in relation to this particular defendant. Consequently, on remand, the trial court is instructed to state for the record the considerations taken into account and the factual basis therefor in imposing the sentences. The trial court is further instructed to articulate

factual reasons, in accordance with La. C. Cr. P. art. 894.1, for the imposition of these particular sentences on this particular defendant. [4]

## CONCLUSION

For the foregoing reasons, we vacate the defendant's sentences. This matter is remanded to the trial court with instructions consistent with this opinion.

**SENTENCES VACATED; REMANDED WITH INSTRUCTIONS.**

---

[4] The defendant also contends the trial court failed to "give proper consideration to the intent of the original sentencing judge" and imposed excessive sentences. As the defendant's sentences have been vacated, the issue of their alleged excessiveness is rendered moot.

We have also reviewed this record for errors patent in accordance with La. C. Cr. P. art. 920. At the time the offenses were committed, La. R.S. 14:42.1 required "at least two years" of the defendant's sentence are to be served without the benefit of parole, probation, or suspension of sentence. In this case, the trial court did not impose the appropriate restriction of benefits according to law. However, because we have vacated the defendant's sentence, the issue is also moot.